James Lee **GORE**, Defendant-Appellant,

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 1–383A98.

Court of Appeals of Indiana,
First District.

Dec. 6, 1983.

stance, and possession of marijuana.[1] At his sentencing, Gore requested the return of approximately $4900.00 in cash, which had been recovered during the arrest.[2] This request was eventually denied. The State subsequently filed a petition for order on disposition of property. The petition was granted over Gore's objection. It is from that order that Gore now appeals.

## ISSUE

Gore presents one issue for review. Rephrased, that issue is as follows:

Did the trial court err in granting the State's petition for order on disposition of property?

## DISCUSSION AND DECISION

The trial court erred in granting the State's petition and thereby refusing to return the money to the defendant.

The trial court ordered Gore's money to be disposed of according to the provisions of Indiana Code sections 35–1–6–5.1 (1980) and 36–8–3–17 (1981). The former section states, in pertinent part:

"Disposition of property held as evidence

(a) All items of property seized by any law enforcement agency pursuant to an arrest, search warrant or warrantless search shall be securely held by the law enforcement agency under the order of the court trying the cause except as provided in this section.

. . . .

(c) Following the final disposition of the cause at trial level or any other final disposition:

(1) Property which may be lawfully possessed shall be returned to its rightful owner, if known. . . .

(2) Property, the possession of which is unlawful, shall be destroyed by the law enforcement agency holding it sixty (60) days after final disposition of the cause.

. . . .

Charles Gregory Read, Deputy Public Defender, Jeffersonville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellant James Lee Gore appeals from an order of the Clark Circuit Court granting the State's petition for order on disposition of property. We reverse and remand.

## FACTS

On September 26, 1981, Gore was convicted of possession of a narcotic drug, possession of a Schedule Four controlled sub-

1. The convictions were affirmed on appeal to this court.

2. Apparently $600.00 was found at the time of the arrest, while the remaining $4300.00 was recovered upon the officer's subsequent return to the area where Gore was apprehended.

(d) If any property described in subsection (c)(1) ... [or] (c)(2) ... was admitted into evidence in the cause, any disposition of the property shall be based upon an order of the court trying the cause."

The latter states:

"Stolen, lost or abandoned property in possession of police department; disposition; procedure

(a) If money or other property that has been stolen, lost, or abandoned, or taken or received from a person under arrest, comes into the possession of a member of the police department by virtue of his office, he shall deliver it to the officer of the police department who is designated by the order or rules of the safety board. The member is then relieved from further responsibility for the property. If the money or other property remains unclaimed in the possession or control of the officer to whom it has been delivered for six (6) months, and the owner and his place of business is unknown, the safety board shall have the money paid into the city treasury and the other property sold at public auction.

(b) Notice of the time and place of the sale, with a description of the property to be sold, shall be given by publication in accordance with IC 5–3–1. But if the property is perishable or will deteriorate greatly in value by keeping, or if the expense of keeping it is likely to exceed its value, it may be sold at public auction in accordance with the rules or orders of the department. Reasonable notice of the time and place of sale must be given by publication in a newspaper of general circulation printed in the city. The proceeds of each sale, after deducting all reasonable charges and expenses incurred in relation to the property, shall be paid into the city treasury.

(c) Upon payment of the money into the city treasury, the safety board shall certify to the city fiscal officer the date and amount of money paid. The fiscal officer shall keep an account of all money paid in and of all sums drawn from the treasury under the following provisions:

(1) If the owner of the money or other property makes a claim to and proves his ownership of the property, within one (1) year after the money or proceeds of sale have been paid into the city treasury, the money or proceeds shall be paid to him on the order of the head of the department after deducting all reasonable charges and expenses.

(2) After one (1) year the money or proceeds are considered a part of the general fund of the city.

(d) This section does not apply to property seized upon a search warrant, the custody and disposition of which are otherwise provided for by law."

Appellant contends that the statutes do not apply in the instant case. Accordingly, he argues that because the statutes do not apply and there exists no express forfeiture statute, the money should have been returned. Appellant's contentions are not completely correct.

■ Gore's protestations notwithstanding,[3] we deem Indiana Code section 35–1–6–5.1 (1980) to be the properly applicable code section in the instant case.[4] Subsection (c)(1) of section 5.1 states that "[p]roperty which may be lawfully possessed *shall* be returned to its rightful owner, if known."

---

**3.** Gore argues that Indiana Code section 35–1–6–5.1 (1980) was repealed and superseded by Indiana Code section 35–33–5–5 (1982), and is, therefore, inapplicable in the instant case. Indiana Code section 35–1–6–5.1 was repealed as of September 1, 1982, by Indiana Acts 1981, Public Law 298, Section 9(a). However, the savings clause in section 9(b) provides:

"The repeal by this section of a law or part of a law does not affect any rights or liabilities accrued, or any proceedings begun, before September 1, 1982. The rights, liabilities, and proceedings are continued, and punishments, penalties, or forfeitures shall be imposed and enforced under the repealed laws as if this section had not been enacted."

It is abundantly clear that Indiana Code section 35–1–6–5.1 (1980) is the properly applicable statute.

**4.** Because we conclude that the money should have been returned to Gore pursuant to the provisions of Indiana Code section 35–1–6–5.1, we do not reach the possible applicability of Indiana Code section 36–8–3–17.

(Emphasis supplied.) We note that "shall" is generally considered to be a word of mandatory import. *State ex rel. Southern Hills Mental Health Center, Inc. v. DuBois County,* (1983) Ind.App., 446 N.E.2d 996, 1001; *Busam v. State,* (1983) Ind.App., 445 N.E.2d 118, 123. We also note that "property" is defined as "anything of value," including "money". Ind.Code § 35–41–1–2 (1982).[5] Accordingly, if the cash was capable of being lawfully possessed, then it should have been returned to Gore.

 Whether such cash was capable of being lawfully possessed, however, is unclear, and cannot be made clear by reference to any definitional statute. Where the meaning of a statute is unclear, this court may construe that statute. *State ex rel. Southern Hills,* 446 N.E.2d at 1001; *Wright v. Reuss,* (1982) Ind.App., 434 N.E.2d 925, 929. Our foremost object in construing a statute is to determine and effect the intent of the legislature. *City of Muncie v. Campbell,* (1973) 156 Ind.App. 59, 63, 295 N.E.2d 379, 382, *trans. denied.* In the instant case, the statute in question is penal in nature and, therefore, must be strictly construed against the state. *Pennington v. State,* (1981) Ind., 426 N.E.2d 408, 410; *City of Muncie v. Campbell,* 156 Ind.App. at 63, 295 N.E.2d at 382. Any ambiguity is to be resolved in favor of the accused. *Pennington,* 426 N.E.2d at 410. Further, penal statutes cannot be construed to include anything beyond their letter, though within their spirit, and such statutes cannot be enlarged by construction, implication, or intendment beyond the fair meaning of the language used. *Meade Electric Co., Inc. v. Hagberg,* (1959) 129 Ind.App. 631, 639, 159 N.E.2d 408, 412. In construing Indiana Code section 35–1–6–5.1(c)(1) we note that the legislature has not stated that money, which is apparently derived from the sale of drugs, is property which may not be lawfully possessed,[6] especially where, as in the instant case, the defendant is convicted only of possession. Our legislature has also not provided for the forfeiture of such money.[7] As money itself may be lawfully possessed, in the absence of a clear expression of legislative intent to the contrary, we cannot say that the trial court properly refused to return the cash to Gore. Accordingly, we reverse the order of the trial court granting the State's petition and remand to the trial court with instructions to return to appellant the cash confiscated from him.

Reversed and remanded.

ROBERTSON, P.J., and NEAL, J., concur.

---

5. This definition is applicable to all of Title 35. *See* Ind.Code § 35–41–1–2 (1982).

6. While we consider this to be a legislative oversight rather than a deliberate omission, we are nonetheless bound to strictly construe the statute against the State and in favor of the accused.

7. For an example of such forfeiture see Indiana Code section 34–4–30.1–1(a)(1) (1982) (forfeiture of automobile used to transport controlled substances). *Cf.* 21 U.S.C. 881(a)(6) (1981) (providing for the forfeiture of money "furnished or intended to be furnished by any person in exchange for a controlled substance . . .").