**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**Michael POXON, Appellee (Defendant Below).**

**No. 64A03–8702–CR–38.**

Court of Appeals of Indiana, Third District.

Oct. 29, 1987.

Rehearing Denied Dec. 14, 1987.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Thomas J. Mullins, Merrillville, for appellee.

HOFFMAN, Judge.

The State of Indiana brings this appeal from an order of the Porter County Superior Court granting the motion of Michael Poxon for the return of his personal property. Michael Poxon was charged with Dealing in Cocaine, a Class A felony, and was acquitted in a jury trial. Poxon subsequently made an oral motion for the return of personal property, including $650.00 in cash, that was taken from him at the time of his arrest. The State here challenges the sufficiency of the evidence supporting the trial court's grant of Poxon's motion.

The State requested at the hearing on Poxon's motion that judicial notice of the trial evidence be taken by the court.[1] That evidence included testimony that the $650.00 taken from Poxon at the time of his arrest was the same $650.00, from which photostatic copies had been made, that was given by an undercover agent of the Porter County Drug Unit to Richard Borisenko in order to procure cocaine on the night of Poxon's arrest. Further evidence showed that Poxon's automobile was parked outside the residence where Borisenko admittedly made the exchange of the $650.00 for cocaine. No direct evidence was introduced that Poxon had either possessed or sold cocaine to any individual. The trial evidence was the only evidence before the court on the hearing on Poxon's motion.

It must first be stated here that, despite Poxon's claim to the contrary, the State of Indiana has a right to appeal the decision by the Porter County Superior Court. The disposition of property seized for purposes of prosecution is governed by IND.CODE § 35–33–5–5(c)(1) (1986 Supp.), which states:

"(c) Following the final disposition of the cause at trial level or any other final disposition:
(1) Property which may be lawfully possessed shall be returned to its rightful owner, if known."

This statute has been held to sustain the trial court's jurisdiction over such property after the criminal proceedings are concluded. *See, Anderson v. State* (1984), Ind. App., 468 N.E.2d 569, 570.

Poxon maintains that since this type of proceeding is not included under the provisions of IND.CODE § 35–38–4–2 (1986 Supp.), which lists the instances where the State of Indiana may take an appeal from an adverse decision in criminal proceedings, the State may not take an appeal from the Porter County Superior Court's order. *See, e.g., State v. Harner* (1983), Ind., 450 N.E.2d 1005. Poxon's argument fails because the proceedings surrounding the motion for return of property were civil in nature. This characterization is consistent with the decision of United States Court of Appeals, Sixth Circuit, which recognized the economy of judicial effort that results when the criminal trial and the disposition of property seized in a criminal proceeding are performed by the same court, yet made clear that the disposition of that property was a separate civil proceeding not bound by the findings of the criminal proceeding or its standard of proof:

"The acquittal of LaFatch in the criminal proceedings does not necessarily mean that he is the rightful owner of the money [seized in extortion proceedings]. In the criminal proceedings the jury determined that the evidence was not sufficient to establish the guilt of LaFatch beyond a reasonable doubt. The right to ownership of the money, on the other hand, need be established only by the preponderance of the evidence."

*United States v. LaFatch* (6th Cir.1977), 565 F.2d 81, 84–85, *cert. denied* 435 U.S. 971, 985 S.Ct. 1611, 56 L.Ed.2d 62.

---

1. The State erroneously maintains in its brief of appellant that the record does not reflect that the trial court ruled upon the request that judicial notice be taken. While the record does not contain an explicit granting of the State's request by the trial court, the arguments of both parties at the hearing before the same judge who presided at trial clearly show that the evidence at Poxon's trial was under examination by the court at this hearing.

This *LaFatch* standard was followed in *United States v. Estep* (10th Cir.1985), 760 F.2d 1060, 1065, where the 10th Circuit upheld, based on a preponderance of the evidence standard, the trial court's denial of an acquitted criminal defendant's motion for return of money seized from him for the purposes of prosecution. Since the State of Indiana in this case received an adverse judgment in a civil proceeding, it is not restricted by IND.CODE § 35–38–4–2 and may bring this appeal pursuant to Ind. Rules of Procedure, Appellate Rule 4(A).

In reviewing a case tried to a court without a jury, this Court will not reverse unless the decision is clearly erroneous and cannot be sustained on any legal theory the evidence supports. *Walters v. Dean* (1986), Ind.App., 497 N.E.2d 247, 254. Evidence was introduced, in the form of judicial notice of the criminal proceedings, that Poxon had possession of the $650.00 at the time of his arrest. That evidence of possession by Poxon raises a presumption that Poxon was the proper owner of the $650.00. *See, Guido et al. v. Baldwin* (1977), 172 Ind.App. 445, 451, 360 N.E.2d 842, 847; *McAfee v. Montgomery, Adm.* (1898), 21 Ind.App. 196, 202, 51 N.E. 957, 959. It must be concluded that the trial court did not err in finding that the State failed to adequately rebut the presumption that Poxon obtained the $650.00 in a lawful way. No testimony or direct evidence of any kind was put before the court that showed that Michael Poxon possessed or delivered cocaine or procured the $650.00 through an illegal transaction.

There being no finding of error, the trial court is affirmed.

Affirmed.

STATON and CONOVER, JJ., concur.