**Donald Leo McROY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 82A01–0301–CR–6.

Court of Appeals of Indiana.

Nov. 13, 2003.

Matthew Jon McGovern, Evansville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

BAILEY, Judge.

We grant rehearing in this case solely to clarify our opinion in light of the arguments made by Appellee State of Indiana in support of its petition for rehearing. In all other respects, we reaffirm our original opinion.

In our opinion, we determined that the trial court had no authority to conduct an indigency hearing more than seven months after McRoy served his maximum imprisonment of one year, and vacated that portion of the trial court's sentencing order that scheduled further proceedings for July 31, 2003. In all other respects, we affirmed the trial court's sentencing order, including the imposition of costs and fees, which were due on July 31, 2003. We also noted that Indiana Code Sections 35–38–1–18(b)(1) and 33–19–2–3(b)(1) provide for a civil remedy should a defendant fail to pay fines and costs.

In its petition for rehearing, the State argues that this Court ignored Indiana Code Section 35–38–1–18, which authorizes a trial court to order payment of a fine for a non-indigent defendant "at some later date." IND.CODE § 35–38–1–18(a)(2); see also IND.CODE § 33–19–2–3(a)(2) (authorizing payment of costs at a later date). We disagree, as we did not find that the trial court erred in ordering payment of costs and fines by July 31, 2003.[1] However, the trial court had no statutory authority to conduct an additional indigency hearing at that time, as the trial court here indicated it would do. See Motion to Correct Error Tr. 13, 15.

Finally, McRoy indicated that he would be unable to pay the fines and costs by July 31, 2003. Typically, a trial court has two options to collect the fines and costs imposed in the event of default: a civil collection process and additional imprisonment crediting the defendant $40.00 per day until the fine is paid. See Ind. Code 35–38–1–18(b). However, Indiana Code Section 35–38–1–18(a)(4) allows a

---

1. Because our decision rested on jurisdictional grounds, we did not address the issue of McRoy's indigency. The trial court's suspension of payment of fines and costs necessarily leads to the conclusion that the trial court did not find McRoy to be indigent for purposes of paying the fines and costs, finding McRoy to be "able bodied and capable of gainful employment." Motion to Correct Error Tr. 14; see also Ind.Code § 35–38–1–18(a)(2) (suspension of payment if defendant is not indigent). As McRoy had served the maximum sentence, his "gainful employment" could only begin after McRoy was released and no longer under the authority of the trial court.

non-indigent defendant to choose additional incarceration in lieu of paying the criminal fine, limited to the maximum term of imprisonment for the crime. We find this statute to be instructive, and it must be read in conjunction with the payment default provisions under Indiana Code Section 35–38–1–18(b). *See Indiana Dep't of Pub. Welfare v. Payne*, 622 N.E.2d 461, 466 (Ind.1993). Thus, regardless of indigency, a trial court has no authority to subject a defendant to additional imprisonment for failure to pay fines and costs when the defendant has already served the maximum term, as is the case here. Rather, there is a statutory mechanism authorizing civil action to collect the unpaid fines and costs, applicable to both indigent and non-indigent defendants. Assuming McRoy has not paid the fine and costs, the trial court may refer this matter to the county attorney for collection.

BROOK, C.J., and NAJAM, J., concur.