Travis Jay **MERLINGTON, Appellant**
(Appellant below),

v.

**STATE of Indiana, Appellee**
(Appellee below).

No. 20S03–0401–CR–00013.

Supreme Court of Indiana.

Aug. 31, 2004.

Travis Jay Merlington, Pro Se, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Travis Jay Merlington was convicted of possession of methamphetamine with intent to deliver. The trial court enhanced the presumptive sentence of 30 years applicable here by an additional 15, for a total sentence of 45 years. Finding the mitigating circumstances in balance with the aggravating circumstances, we revise Merlington's sentence to 30 years.

### Background

On November 15, 2001, a Jeff Hurley drove Travis Jay Merlington and another person to a motel in Goshen, Indiana. When they arrived at the motel, three police vehicles surrounded them. A search of Hurley's vehicle revealed about 224 grams of methamphetamine and about 6.5 grams of marijuana behind the glove compartment.

Merlington was arrested and charged with possession of methamphetamine in excess of three grams with intent to deliver, a Class A felony.[1] The trial court convicted Merlington and sentenced him to total executed time of 45 years, the 30–year presumptive sentence for a Class A felony enhanced by 15 years for aggravating circumstances. The Court of Appeals affirmed the conviction and sentence in an unpublished memorandum decision. Merlington sought and we granted transfer. *Merlington v. State*, 812 N.E.2d 791, 2004 Ind. LEXIS 42 (Ind. Jan. 9, 2004).[2]

### Discussion

Merlington argues that his sentence was excessive as a result of the trial court's improper application of certain aggravating circumstances. Finding aggravating circumstances that "substantially" outweighed the mitigating circumstances, the trial court sentenced Merlington to 15 years more than the presumptive sentence of 30 years, for a total of 45 years in the Indiana Department of Correction.

The Legislature has prescribed standard or "presumptive" sentences for each crime, allowing the sentencing court limited discretion to enhance a sentence to reflect aggravating circumstances or reduce it to reflect mitigating circumstances. In this

1. Ind.Code §§ 35–48–4–1(a)(2)(C), (b)(1) (1998).

2. In this appeal, Merlington contends that the trial court committed reversible error in four respects. First, he argues that the court incorrectly denied his motion to suppress evidence that he contends was obtained in an illegal search. The Court of Appeals rejected this argument, finding that the officers' investigatory stop of the vehicle was justified by the sufficient indicia of reliability of an informant's tip. Second, Merlington argues that there was insufficient evidence presented at trial to establish the possession element of the crime of which he was convicted. The Court of Appeals rejected this argument, finding that because there had been evidence that Merlington had made furtive movements in the direction of the glove box where the methamphetamine was found (directly in front of his seat), the State had presented sufficient evidence to demonstrate Merlington's knowledge of the methamphetamine. Third, Merlington argues that the court erred when it denied a motion for mistrial that he had made at trial after the State had referred to drugs found in his apartment. The Court of Appeals rejected this argument, finding that the trial court had not abused its discretion in denying the motion, in part because it had given the jury a limiting instruction on the use of the evidence. We summarily affirm the opinion of the Court of Appeals on these three issues. Ind. Appellate Rule 58(A)(2). We discuss his fourth contention *infra*.

case, the applicable statute reads, "A person who commits a Class A felony shall be imprisoned for a fixed term of thirty (30) years, with not more than twenty (20) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances...." Ind. Code § 35–50–2–4 (1998).

## I

 If the court relies on aggravating or mitigating circumstances to deviate from the presumptive sentence, it must (1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance has been determined to be mitigating or aggravating; and (3) articulate the court's evaluation and balancing of the circumstances. *Wooley v. State,* 716 N.E.2d 919, 929 (Ind.1999) (citing *Harris v. State,* 659 N.E.2d 522, 527–28 (Ind.1995)). When a sentence more severe than the presumptive is challenged on appeal, the reviewing court will examine the record to insure that the sentencing court explained its reasons for selecting the sentence it imposed. *Lander v. State,* 762 N.E.2d 1208, 1215 (Ind.2002).

 At Merlington's sentencing hearing, the court identified two mitigating circumstances: (1) Merlington was a young man—20–years–old—at the time of the offense; and (2) Merlington had no prior criminal history.

The trial court also found five aggravating circumstances: (1) the amount of drugs involved was much more than the required amount for a Class A felony, and the drugs were worth an "extremely substantial" amount; (2) there were other drugs found in the car in which Merlington was riding, and marijuana was found in the jacket he was wearing; (3) because Merlington did not use the drugs, it was clear that he was selling them strictly for finan-

cial gain, rather than for money to support a drug addiction; (4) Merlington gave false testimony about his involvement with the methamphetamine, which indicated an unwillingness to accept responsibility for his criminal conduct; and (5) by failing to appear for the last day of trial, Merlington showed a lack of respect for the court, the parties involved, and the criminal process in general. The trial court also found that this fifth circumstance "alone or taken in combination with any other aggravating circumstances sufficiently justifies the imposition of an aggravated sentence." Appellant's App. at 110.

It is clear from the record that the trial court in this case satisfied its obligation to explain its reasons for selecting the sentence it imposed. *Lander,* 762 N.E.2d at 1215.

## II

Merlington contends that the trial court improperly considered two aggravating circumstances: (1) the quantity and value of the contraband; and (2) the fact that Merlington apparently sold drugs strictly for financial gain, rather than for money to support his own drug addiction. His argument is that the use of these two circumstances to enhance his sentence violated the principle that a fact "which comprises a material element of a crime may not also constitute an aggravating circumstance to support an enhanced sentence." *Townsend v. State,* 498 N.E.2d 1198, 1201 (Ind. 1986); *Smith v. State,* 780 N.E.2d 1214, 1219 (Ind.Ct.App.2003) (citing *Stone v. State,* 727 N.E.2d 33, 37 (Ind.Ct.App. 2000)), *trans. denied,* 792 N.E.2d 41 (Ind. 2003).

We need not engage in extended analysis on this point as the State acknowledges that Merlington "correctly argues" that the trial court was wrong to utilize these two circumstances as aggravating. Br. of

Appellee at 16–17. The Court of Appeals recognized the State's concession and did not consider these two aggravators in its analysis of Merlington's sentence.

If one or more aggravating circumstances cited by the trial court are invalid, the court on appeal must decide whether the remaining circumstance or circumstances are sufficient to support the sentence imposed. *Hollen v. State,* 761 N.E.2d 398, 402 (Ind.2002). Where we find an irregularity in a trial court's sentencing decision, we have the option to remand to the trial court for a clarification or new sentencing determination, to affirm the sentence if the error is harmless, or to reweigh the proper aggravating and mitigating circumstances independently at the appellate level. *Sherwood v. State,* 749 N.E.2d 36, 39–40 (Ind.2001). We elect appellate reweighing here. Ind. Const. art. VII, § 4.

Our jurisprudence indicates that the two mitigating circumstances here—young age and lack of criminal history—are weighty. *Loveless v. State,* 642 N.E.2d 974, 976 (Ind. 1994) (stating that age and lack of delinquent or criminal record "deserve substantial mitigating weight"). They have also served as the basis for relief. *See, e.g., Baxter v. State,* 727 N.E.2d 429, 436 (Ind. 2000) (lack of criminal history); *Trowbridge v. State,* 717 N.E.2d 138, 150 (Ind. 1999) (age); *Carter v. State,* 711 N.E.2d 835, 843 (Ind.1999) (age and lack of criminal history); *Edgecomb v. State,* 673 N.E.2d 1185, 1199 (Ind.1996) (lack of criminal history).

To repeat, the valid aggravating circumstances utilized by the trial court were that (1) other drugs were found in the car in which Merlington was riding, and marijuana was found in the jacket he was wearing; (2) Merlington gave a false testimony about his involvement with the methamphetamine, indicating an unwillingness to accept responsibility for his criminal conduct; and (3) by failing to appear for his last day of trial, Merlington showed a lack of respect for the court, the parties involved, and the criminal process in general. We agree with the trial court that each of these constitutes a valid aggravating circumstance, but we are unable to conclude that their collective weight is greater than the mitigating effect of Merlington's young age and lack of criminal history. We therefore conclude that the presumptive sentence of 30 years is the appropriate sentence in light of the nature of this offense and the character of this offender.

### Conclusion

We affirm Merlington's conviction for possession of methamphetamine in excess of three grams with intent to deliver. We reverse his sentence of 45 years and remand to the trial court with instructions to issue an amended sentencing order and to issue or make any other documents or docket entries necessary to impose a sentence of 30 years, without a hearing.

SHEPARD, C.J., and BOEHM and RUCKER, JJ., concur. DICKSON, J., dissents.