Travis J. MERLINGTON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee.

No. 20A05–0501–CR–50.

Court of Appeals of Indiana.

Dec. 22, 2005.

Travis J. Merlington, Pendleton, Appellant pro se.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Travis J. Merlington, challenges the trial court's denial of his Motion for Return of Property. Upon appeal, Merlington claims and the State agrees that the trial court was without authority to order money, which was seized from Merlington at the time of his arrest, be applied toward fines and court costs.

We reverse and remand.

The relevant facts appear to be undisputed. As related by our Supreme Court in *Merlington v. State*, 814 N.E.2d 269, 271 (Ind.2004):

> "On November 15, 2001, a Jeff Hurley drove Travis Jay Merlington and another person to a motel in Goshen, Indiana. When they arrived at the motel, three police vehicles surrounded them. A search of Hurley's vehicle revealed about 224 grams of methamphetamine and about 6.5 grams of marijuana behind the glove compartment.
>
> Merlington was arrested and charged with possession of methamphetamine in excess of three grams with intent to deliver, a Class A felony. The trial court convicted Merlington and sentenced him to total executed time of 45 years, the 30–year presumptive sentence for a Class A felony enhanced by 15

years for aggravating circumstances." [1] (citation and footnote omitted).

At the time of his arrest, the police found $641 in Merlington's pocket. On November 18, 2003, Merlington filed a motion for return of property and a memorandum in support thereof, claiming that he was entitled to the return of the $641 pursuant to Indiana Code § 35–33–5–5 (Burns Code Ed. Supp.2005). The State responded on November 29, 2004. The State's response, by the deputy prosecutor, stated in relevant part:

" 2. The undersigned has checked with the evidence technician at the Goshen Police Department and has confirmed that the sum of $641.00 was seized from [Merlington] and logged in as evidence. The records kept by that department indicate that this money was signed out for Court at the time of [Merlington]'s jury trial, and while certain items were subsequently checked back into evidence, the money was never returned to the evidence room.

3. Based upon the foregoing, it appears to the undersigned, who is personally unfamiliar with the prosecution of [Merlington], that the money was admitted into evidence at trial and has remained in the custody and control of the Court.

4. Assuming the above to be true, the State has no claim to the funds and stipulates that the funds should be returned to [Merlington].

5. Notwithstanding the foregoing, if there are unpaid court costs or other monetary obligations which were imposed by the Court as part of [Merlington]'s sentence, it is the position of the State that those obligations should first be satisfied out of the $641.00 with the remainder, if any, to be released to [Merlington]." Appendix at 24–25.

On January 5, 2005, the trial court denied Merlington's motion, ordering that "the Clerk of the Elkhart Circuit Court apply the sum of $641.00 currently in the possession of the Court to fines and costs imposed in this case and to remit the amount remaining, if any, to [Merlington]." App. at 13. Merlington filed a notice of appeal on January 18, 2005.

■ Upon appeal from the trial court's denial of a motion for return of property, we are reviewing a case tried to a court without a jury, and therefore we will not reverse unless the decision is clearly erroneous and cannot be sustained upon any legal theory supported by the evidence. *State v. Poxon,* 514 N.E.2d 652, 654 (Ind. Ct.App.1987), *trans. denied.*

■ Here, Merlington claims that the trial court erred in denying his motion for return of property, relying upon I.C. § 35–33–5–5. Upon appeal, the State agrees that the trial court erred, stating, "Indiana Code Sections 35–38–1–18(b)(1) and 33–37–2–3 indicate that a civil action against

**1.** Upon direct appeal, Merlington presented five issues: (1) that the trial court erred in denying his motion to suppress; (2) that the evidence was insufficient to show that he constructively possessed the methamphetamine found in the vehicle; (3) that the trial court erred in denying his motion for mistrial; (4) that his forty-five year sentence was inappropriate; and (5) that the trial court erred in imposing a $5,000 fine and courts costs. A panel of this court affirmed the trial court in all respects, with Judge Kirsch concurring as to the first four issues and dissenting with respect to the issue of court costs and fines. *See Merlington v. State,* 797 N.E.2d 1185 (Ind. Ct.App., 2003), *trans. granted.* Upon transfer, our Supreme Court addressed only the claim of sentencing error and summarily affirmed the opinion of the Court of Appeals with respect to Merlington's first three claims. *See Merlington,* 814 N.E.2d at 271 n. 2. The Court did not mention Merlington's claim regarding court costs and fines. *Id.*

[Merlington] for the unpaid amounts may be brought by the County Attorney on behalf of the County for collection of the unpaid debt." [2] Appellee's Br. at 3.

All parties agree that the outcome of the present case is governed by I.C. § 35–33–5–5, which states in relevant part:

"(a) All items of property seized by any law enforcement agency as a result of an arrest, search warrant, or warrantless search, shall be securely held by the law enforcement agency under the order of the court trying the cause, except as provided in this section.

\*　　\*　　\*　　\*　　\*　　\*

(c) Following the final disposition of the cause at trial level or any other final disposition the following shall be done:

(1) Property which may be lawfully possessed shall be returned to its rightful owner, if known. If ownership is unknown, a reasonable attempt shall be made by the law enforcement agency holding the property to ascertain ownership of the property...."

The cash at issue here was seized by the police when Merlington was arrested, and final disposition of the criminal cause has been made.[3] Therefore, the question is whether the cash is "property which may be lawfully possessed." If so, then it "shall be returned to its rightful owner, if known."

■ With regard to the question of the rightful owner, it is undisputed that Merlington had possession of the cash at the time of his arrest. This raises a presump-tion that Merlington was the owner of the cash. *See Poxon*, 514 N.E.2d at 654. Further, the State produced no evidence nor did it even allege that the cash was not Merlington's. The question remains, however, whether the cash is property which may lawfully be possessed.

■ As stated by the court in *Gore v. State*, 456 N.E.2d 1030, 1033 (Ind.Ct.App. 1983), "the legislature has not stated that money, which is apparently derived from the sale of drugs, is property which may not be lawfully possessed, especially where ... the defendant is convicted only of possession." Here, we acknowledge that Merlington was convicted of possession with intent to deliver. However, there is no indication in the record before us that the cash in question was the fruit of illegal activity. Merlington's motion alleged that the cash was "neither contraband nor illegally possessed," a claim not disputed by the State at trial or upon appeal. App. at 15. Although we may sympathize with the trial court's statement that Merlington's possession of a relatively large amount of cash when he was arrested for possession of a large amount of methamphetamine was "questionable," there is nothing in the record to support a conclusion that possession of the cash was unlawful. App. at 11.

Because there is no indication that possession of the cash was unlawful, and there is nothing in the record to suggest that Merlington was not the rightful owner, I.C. § 35–33–5–5(c)(1) mandates that the cash be returned to Merlington. *See*

---

2. Where the State does not challenge an issue upon appeal, we review the claim under a standard of prima facie error. *Ousley v. State*, 807 N.E.2d 758, 762–63 (Ind.Ct.App. 2004). The failure to challenge an issue upon appeal does not, however, relieve us of our obligation to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Cox v. State*,

780 N.E.2d 1150, 1162 (Ind.Ct.App.2002). Still, it is not the duty of this court to controvert arguments presented by the appellant. *See id.*

3. Final disposition occurred October 14, 2004, by virtue of the Indiana Supreme Court's opinion upon transfer.

*Gore,* 456 N.E.2d at 1033 (cash found on defendant at the time of his arrest for possession of a narcotic, possession of a controlled substance, and possession of marijuana was property which could be lawfully possessed and which was required to be returned to defendant after final disposition of the criminal cause against him); *Poxon,* 514 N.E.2d at 654 (cash seized from defendant at the time of his arrest for dealing in cocaine had to be returned to defendant following disposition of cause where defendant was in sole possession of the cash and there was nothing showing that defendant procured the money through an illegal transaction); *Sinn v. State,* 693 N.E.2d 78 (Ind.Ct.App.1998) (property, including cash, which was seized from defendant at the time of his arrest for robbery was required to be returned to defendant following final disposition of the cause against him where defendant testified that he was the owner of the property in question and the State put forth no evidence to the contrary); *cf. Tracy v. State,* 655 N.E.2d 1232 (Ind.Ct. App.1995) (defendant failed to prove that he was the rightful owner of cash seized at the time of his arrest for dealing in marijuana and was therefore not entitled to the return of the cash after the disposition of the cause against him), *trans. denied.*

We recognize that the trial court fined Merlington $5,000 plus costs. The State notes that a trial court generally has two options to collect the fines and costs it imposed when a defendant defaults on his obligation: (1) a civil action brought by an attorney representing the county, and (2) additional imprisonment for non-indigent defendants. *See* Ind.Code § 35–38–1–18(b) (Burns Code Ed. Repl.1998); Ind. Code § 33–37–2–3 (Burns Code Ed. Repl. 2004).[4]

A provision of I.C. § 35–38–1–18 different from that of subsection (b)(2) is found in subsection (a)(4). This provision permits a defendant to request commitment to the county jail *in lieu* of a fine. Under this provision, however, the total of the confinement (including confinement under this provision) may not exceed the maximum confinement prescribed for the crime of which the defendant was convicted. The provision is not set forth in subsection (b)(2) and arguably does not appear to cover a situation in which a fine has been imposed but in which the defendant has failed to pay the fine. Nevertheless, a panel of this court in *McRoy v. State,* 798 N.E.2d 521, 523 (Ind.Ct.App.2003) read the two provisions in conjunction stating:

> "regardless of indigency, a trial court has no authority to subject a defendant to additional imprisonment for failure to pay fines and costs when the defendant has already served the maximum term . . . ."

Be that as it may, and without regard to whether the maximum confinement limitation of subsection (a)(4) must be read into subsection (b)(2), such limitation would be inapplicable to a defendant, such as Merlington, if non-indigent, who has failed to pay a fine and costs ordered by the court and who has not served the maximum term of imprisonment for the crime committed.[5] Furthermore, we need not decide whether a court may permissibly impose the maximum sentence for the

---

4. For each twenty-four hours of such confinement, a defendant is credited with $20.00 toward payment of unpaid fines and costs.

5. Our Supreme Court reduced Merlington's forty-five year enhanced sentence to the presumptive thirty years. He therefore has not yet served the maximum term of imprisonment for his Class A felony Accordingly, I.C. § 35–38–1–18 could be utilized in Merlington's case.

crime *plus* a monetary fine for the same crime.

The State further notes that this is not an instance where the court is retaining all or part of the cash securities posted with the clerk as a bail bond. Pursuant to Ind.Code § 35–33–8–3.2(a)(2) (Burns Code Ed. Supp.2005), a trial court has authority to retain all or part of such securities to satisfy fines, costs, fees and restitution.

We recognize that the trial court's decision has a common-sense appeal. If the court is in possession of cash owned by the defendant, and the defendant is obliged to pay fines or costs to the court, it would seem eminently reasonable to allow the court to use the cash owned by the defendant to satisfy all or part of the amount owned. As the State concedes, however, the applicable statutes appear to give no such power to the trial court.[6] Applying a

relatively relaxed standard of review because the State has conceded error, we feel compelled to reverse the order of the trial court and remand with instructions that the $641 taken from Merlington at the time of his arrest be returned to him.

The judgment of the trial court is reversed, and the cause is remanded for proceedings not inconsistent with this opinion.

FRIEDLANDER, J., and VAIDIK, J., concur.

---

**6.** Indiana Code § 35–33–5–5(d) does state that "[i]f any property described in subsection (c) was admitted into evidence in the cause, the property shall be disposed of in accordance with an order of the court trying the cause." There is some indication that the cash in the present case might have been admitted as evidence. The State's response to Merlington's motion for return of property states that the deputy prosecuting attorney "checked with the [police] evidence technician" and confirmed that the cash was logged in by the police as evidence and that the cash was "signed out for Court at the time of [Merlington]'s jury trial and ... the money was never returned to the evidence room." App. at 24. The deputy prosecutor therefore stated that it "appears ... that the money was admitted into evidence at trial." *Id.* Here, the State does not claim that the cash was indeed admitted into evidence at Merlington's trial, nor does our search of the record before us reveal any indication that the cash was admitted into evidence. We cannot therefore conclude that subsection (d) is applicable or determine whether it would mandate a different result in the present case.