**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 02 2012, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STANLEY L. CAMPBELL**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HERBERT PREASHA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1204-CR-173 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D06-1109-FD-1206

**October 2, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Herbert Preasha appeals following his guilty plea to and conviction for Class D felony receiving stolen auto parts.[1] Specifically, Preasha contends that the trial court erred in denying his motion to have certain items that were seized at the time of his arrest returned to him. We reverse and remand to the trial court with instructions.

## FACTS AND PROCEDURAL HISTORY

The stipulated factual basis entered during the February 3, 2012 guilty plea hearing provides that on September 2, 2011, Preasha was arrested while in possession of a 2001 Harley Davidson motorcycle which he knew was stolen.

On September 9, 2011, the State charged Preasha with one count of Class D felony receiving stolen auto parts, one count of Class D felony receiving stolen property, and Class A misdemeanor carrying a handgun without a license. On February 2, 2012, the trial court conducted a guilty plea hearing during which Preasha agreed to plead guilty to Class D felony receiving stolen auto parts in exchange for the State agreeing to dismiss the remaining charges. The plea agreement also stipulated that Preasha would receive a one-year suspended sentence with one year of probation. The trial court conducted a sentencing hearing on March 12, 2012, during which it accepted the plea agreement and sentenced Preasha in accordance with its terms.

Immediately following the sentencing hearing, the trial court conducted a hearing to determine whether certain items that were seized at the time of Preasha's arrest should be returned to Preasha. The record reflects that multiple items were confiscated from Preasha at

---

[1] Ind. Code § 35-43-4-2 (2011).

2

the time of his arrest and that all but two of these items, a leather vest with the "Wheels of Soul" motorcycle club insignia on the back and a bulletproof vest, were subsequently returned to Preasha's wife. In requesting that the vests be returned to him, Preasha testified that the vests were his personal property and that he had acquired the vests through legal means.

The State did not present any evidence that the vests had been stolen and an investigating detective stated only that he could not definitely say that the vests belonged to Preasha because Preasha was riding a stolen motorcycle at the time of his arrest and the vests were found in bags attached to the motorcycle. The detective acknowledged, however, that the bags in which the vests were found were returned to Preasha's wife as Preasha's property and were not considered stolen property. In denying Preasha's request that the vests be returned to him, the trial court found that it was not against the law for Preasha to possess either vest but that Preasha had failed to prove by a preponderance of the evidence that he was the rightful owner of the vests. This appeal follows.

## DISCUSSION AND DECISION

Preasha contends that the trial court erred in denying his request to return the vests that were seized at the time of his arrest to him.

> As a matter of both constitutional and statutory law, [a defendant] is entitled to the return of any property seized from his possession in the absence of a showing that it is stolen. A party from whom materials are seized in the course of a criminal investigation retains a protectible property interest in the seized materials. *United States v. Hubbard* (D.C. Cir. 1980), 650 F.2d 293. Even if the seizure of property in this case were entirely lawful under the Fourth Amendment, "it is fundamental to the integrity of the criminal justice process that property involved in the proceeding, against which no Government claim

lies, be returned promptly to its rightful owner." *Id*. at 303, quoting *United States v. Wilson* (D.C. Cir. 1976), 540 F.2d 1100, 1103. The court, once its need for the property has terminated, has both the jurisdiction and the duty to return seized property. *Id*.

*Conn v. State*, 496 N.E.2d 604, 608 (Ind. Ct. App. 1986). Specifically, the disposition of property seized as a result of an arrest is governed by Indiana Code section 35-33-5-5 (2011), which provides in relevant part:

> (c) Following the final disposition of the cause at trial level or any other final disposition the following shall be done:
>> (1) Property which may be lawfully possessed *shall* be returned to its rightful owner, if known.

(Emphasis added).

> Upon appeal from the trial court's denial of a motion for return of property, we are reviewing a case tried to a court without a jury, and therefore we will not reverse unless the decision is clearly erroneous and cannot be sustained upon any legal theory supported by the evidence. *State v. Poxon*, 514 N.E.2d 652, 654 (Ind. Ct. App. 1987), *trans. denied*.

*Merlington v. State*, 839 N.E.2d 260, 262 (Ind. Ct. App. 2005).

In cases concerning the return of property that was seized from a defendant at the time of his arrest, this court has held that a defendant's possession of the property at the time of his arrest raises a presumption that the defendant was the rightful owner of the property. *See id*. at 263; *Poxon*, 514 N.E.2d at 654. Furthermore, in *Sinn v. State*, 693 N.E.2d 78, 81 (Ind. Ct. App. 1998), we concluded that testimony from a defendant that he was the owner of property seized at the time of his arrest raises a presumption that the defendant is the lawful owner of the property, and in absence of a showing that the property was stolen, the defendant is entitled to the return of the property. *Id*.

4

In the instant matter, Preasha testified that he purchased both vests through legal means and that both vests belonged to him. The State did not present any contradictory evidence that would suggest that the vests were stolen property. Instead, the State relied on an investigating detective's testimony in which the detective stated that he could not say definitively that the vests belonged to Preasha because at the time of Preasha's arrest, Presha was riding a stolen motorcycle and the vests were seized from bags that were attached to the stolen motorcycle. The detective acknowledged, however, that the bags and all other items that were in the bags at the time of Preasha's arrest had previously been returned to Preasha's wife and were not considered stolen property.

In light of the trial court's determination that it was lawful for Preasha to possess both vests, Preasha's testimony that he was the rightful owner of the vests, and the State's failure to present evidence suggesting that the vests were stolen, we conclude that Preasha demonstrated by a preponderance of the evidence that he is entitled to the return of the vests which were seized from his possession. *See id*.; *see also Merlington*, 839 N.E.2d at 263 (providing that because there was nothing in the record to suggest that possession of the property was unlawful or that the defendant was not the rightful owner, Indiana Code section 35-33-5-5(c)(1) mandates that the property be returned to defendant); *Poxon*, 514 N.E.2d at 654 (providing that because nothing in the record indicated that the defendant was not the rightful owner of the property or that he had obtained the property illegally, the trial court properly returned the property to the defendant); *Conn*, 496 N.E.2d at 609 (providing that property that can be possessed lawfully should be returned to its rightful owner). The trial

court's failure to return the vests to Preasha was clearly erroneous. As such, we reverse the decision of the trial court and remand to the trial court with instructions to return the vests to Preasha.

The judgment of the trial court is reversed and remanded with instructions.

ROBB, C.J., and BAKER, J., concur.