**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**KELVIN L. HAMPTON**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana



FILED

Feb 22 2013, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

KELVIN L. HAMPTON,                         )
                                           )
    Appellant-Defendant,                   )
                                           )
        vs.                              )    No. 84A04-1209-CR-483
                                           )
STATE OF INDIANA,                          )
                                           )
    Appellee-Plaintiff.                    )

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-0302-FA-530

**February 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Kelvin L. Hampton appeals the denial of his request for return of currency and a photograph, which were seized during a search of his residence. Hampton presents the following restated issue for review: Did the trial court err in refusing Hampton's request for the return of currency and a photograph that were seized during a search of his residence?

We reverse and remand.

The facts underlying this appeal commenced in 2006, when Hampton was the target of a controlled buy orchestrated by the Vigo County Drug Task Force and utilizing a confidential informant (C.I.). Those facts were summarized by a different panel of this court as follows:

> On February 18, 2003, and February 26, 2003, the Vigo County Drug Task Force ("VCDTF") orchestrated controlled cocaine sales via a confidential informant. Agents of the VCDTF searched their informant before and after each transaction, and monitored his activities with audio and video equipment. On both February 18, 2003, and February 26, 2003, Hampton sold cocaine to the VCDTF's informant, who paid $40 for each transaction. Both controlled buys took place within 1,000 feet of a school.
>     After the transactions, police executed a search warrant at Hampton's residence and discovered cocaine, an electronic scale, drug paraphernalia, and evidence of the manufacturing of cocaine. Hampton was arrested. Officer Charles Burris testified that Hampton, upon arrest, admitted to "dealing crack cocaine out of that residence." *Tr*. p. 308.
>     Hampton's trial commenced on May 10, 2005. … On May 12, 2005, the jury found Hampton guilty on both counts of Class A felony dealing in cocaine. … On June 6, 2005, the court sentenced Hampton to concurrent terms of forty (40) years for each count.

*Hampton v. State*, No. 84A04-0507-CR-381 (Ind. Ct. App. May 10, 2006), *slip op.* at 2-3 (some internal citations to authority omitted). Those convictions were affirmed by this court upon direct appeal. *See Hampton v. State*, No. 84A04-0507-CR-381. The denial of Hampton's subsequent petition for post-conviction relief was affirmed in an unpublished

decision. *See Hampton v. State*, No. 84A01-0908-PC-389 (Ind. Ct. App. February 8, 2010), *trans. denied*.

On April 28, 2011, Hampton filed a Verified Motion for Return of Defendant's Property. Hampton sought the return of $146 in one-dollar bills and a photo of Hampton and another person, bearing an inscription or signature. Those items were among others seized pursuant to a search warrant that was executed several days after the aforementioned controlled buys. The facts relevant to those items as they relate to this appeal are that VCDTF agents arranged two controlled buys with Hampton using a confidential informant. With respect to each buy, VCDTF agents provided the informant with two twenty-dollar bills that had been photocopied for later identification. During the second sale, the C.I. was present when Hampton also sold crack cocaine to another person at Hampton's house at the same time. According to the C.I., Hampton retrieved the crack cocaine out of "a big bag of cocaine" that was "bigger than [the C.I.'s] hand." *Trial Transcript* at 227. When a search warrant was executed several days later, police seized a wad of 146 one-dollar bills and a photo of Hampton and another person. The photo bore an autograph, presumably of the other person depicted in the photo.

Upon receipt of Hampton's motion for return of these items, the trial court ordered the State to file a written response within ten days. On July 7, 2011, the trial court granted Hampton's motion, noting that the State had failed to file a response. Later, however, the court reversed that ruling. On July 5, 2012, the court ruled on a motion submitted by Hampton to compel enforcement of the court's July 7, 2011 order. The court set aside its

3

previous order, citing the following rationale:

> 2. That the property sought to be returned is One Hundred Forty-Six Dollars ($146.00) in U.S. currency and one (1) signature photo.

> 3. That Defendant submitted a letter dated May 29, 2012 from Lt. Edward Tompkins, Terre Haute Police Department, indicating that the Terre Haute Police Department did not possess the items.

> 4. That the Court reviewed the evidence admitted in the underlying case and identified a photocopy of One Hundred Forty-Six Dollars ($146.00) in U.S. Currency that was photocopied and admitted into evidence and a photograph that was signed and admitted into evidence.

> 5. That Defendant did not indicate in his underlying Motion that the items sought had been admitted into evidence (photocopies of currency) at trial.

> 6. Defendant is certainly NOT entitled to return of Drug Task Force money that was used to purchase illegal drugs from him.

> 7. Further, since the photograph was introduced into evidence, the same is being held by the Court along with other evidence admitted at trial.

> Therefore, the Court sets aside its previous erroneous Order ordering the return of seized property, DENIES the Motion to Return Seized Property, and DENIES Defendant's Motion to Compel.

*Appellant's Appendix* at 19-20. On July 27, 2012, Hampton submitted a motion to correct errors, in which he alleged that the trial court had erroneously found that the $146 seized pursuant to the search warrant was buy money. He noted that the undisputed evidence revealed that the buy money used by the C.I. consisted of four twenty-dollar bills and that the currency seized consisted of 146 one-dollar bills. He also contended that the court erred in refusing to return the photograph, but did not offer independent argument with respect to why the court erred in doing so.

4

We will affirm the denial of a motion for return of property unless the decision is clearly erroneous and cannot be sustained on any legal theory supported by the evidence. *Williams v. State,* 952 N.E.2d 317 (Ind. Ct. App. 2011). "Statutes that relate to search and seizure must be strictly construed 'in favor of the constitutional right of the people.'" *Id*. at 319 (quoting *Wallace v. State,* 157 N.E. 657, 660 (Ind. 1927)). Under Indiana law:

> (a) All items of property seized by any law enforcement agency as a result of an arrest, search warrant, or warrantless search, shall be securely held by the law enforcement agency under the order of the court trying the cause, except as provided in this section.
>
> * * * * * *
>
> (c) Following the final disposition of the cause at trial level or any other final disposition the following shall be done:
>
>> (1) Property which may be lawfully possessed shall be returned to its rightful owner, if known. …

Ind. Code Ann. § 35–33–5–5 (West, Westlaw current through 2012 2nd Reg. Sess.). Pursuant to this statute, after its need for the property in question has terminated, a court has both the jurisdiction and the duty to return seized property. *Williams v. State*, 952 N.E.2d 317.

In the present case, it is undisputed that police seized the cash and photo at issue during a search of Hampton's residence and that final disposition of the criminal cause has been made. Therefore, the issues that remain with respect to I.C. § 35-33-5-5 are whether Hampton is the "rightful owner" of the cash and photo and whether these items "may be lawfully possessed". *See* I.C. § 35–33–5–5(c)(1). On the facts of this case, we conclude that the trial court's summary denial of Hampton's motion for return of property was improper.

Although the items in question were found in Hampton's dwelling, not on his person, he may nonetheless be deemed to possess them under the law of constructive possession. This concept is most often invoked in cases involving contraband, but the principle applies equally to these items as well. In the case of illegal drugs, the law presumes that a person is in the constructive possession of drugs when the State demonstrates that the defendant had both the intent and the capability to maintain dominion and control over the drugs. *See Gee v. State*, 810 N.E.2d 338 (Ind. 2004). Further, " proof of a possessory interest in the premises on which illegal drugs are found is adequate to show the capability to maintain dominion and control over the items in question. *Id.* at 340. Essentially, "the law infers that the party in possession of the premises is capable of exercising dominion and control over all items on the premises." *Id.* at 340-41.

All of the evidence presented by the State at trial indicated that Hampton was the sole occupant of the dwelling in which the items were found. Thus, it is clear that he had possession of the $146 and the autographed photo at the time they were recovered from his dwelling by police. This raises a presumption that he is the owner of the cash and the photo. *See Merlington v. State,* 839 N.E.2d 260 (Ind. Ct. App. 2005). Thus, it was incumbent upon the State to rebut this presumption, if possible, in order to deny Hampton's request for return of the items. Because there was no hearing at which further evidence was presented on this question, the state of the record before the trial court at the time it ruled upon Hampton's motion permitted only one presumption, i.e., that the items were Hampton's. The State failed to request a hearing to rebut this presumption. Accordingly, Hampton was the rightful owner

6

of the items within the meaning of I.C. § 35-33-5-5.

The remaining question is whether the cash and photo are property that may lawfully be possessed. Certainly, the photo may be lawfully possessed. This court has determined that money itself is property that also may be lawfully possessed. *See Gore v. State,* 456 N.E.2d 1030 (Ind. Ct. App. 1983). Moreover, as we have previously observed with respect to I.C. § 35-33-5-5, "'the legislature has not stated that money, which is apparently derived from the sale of drugs, is property which may not be lawfully possessed'". *Merlington v. State,* 839 N.E.2d at 260 (quoting *Gore v. State,* 456 N.E.2d at 1033 (cash found on the defendant at the time of his arrest when he also possessed 224 grams of methamphetamine with intent to deliver was property that could be lawfully possessed)). Further, contrary to the State's strong implication on appeal, the fact that Hampton was ultimately convicted of dealing cocaine does not necessarily establish that the currency (which clearly was not used in the controlled buy) was unlawfully possessed by him. *See Merlington v. State,* 839 N.E.2d 260 (cash was returned to the defendant despite his conviction for possession with intent to deliver).

Finally, we find no indication that the State ever instigated civil forfeiture proceedings with respect to the money in question. The State certainly could have done so, and it is perhaps even likely that such an endeavor would have succeeded. Be that as it may, the State failed to pursue such a course and the deadline for doing so has long since lapsed. *See* Ind. Code Ann. § 34-24-1-3(a) (West, Westlaw current through 2012 2nd Reg. Sess.). Therefore, we reverse and remand with instructions to return the items in question to Hampton.

Judgment reversed and remanded.

NAJAM, J., and BRADFORD, J., concur.