Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



APPELLANT PRO SE:

**MARTIN MENDOZA**
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARTIN MENDOZA | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1302-CR-68 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE SUPERIOR COURT OF MARION COUNTY
The Honorable Jose Salinas, Judge
Cause No. 49G14-0803-FD-060715

**August 12, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Martin Mendoza ("Mendoza"), appearing *pro se*, appeals the Marion Superior

Court's denial of his motion for return of property. He argues that the trial court erred by

summarily denying his motion without a hearing after his property was seized during an arrest but not returned following the final disposition of his prior criminal case.

We reverse and remand.

**Facts and Procedural History**

On March 16, 2008, Mendoza was arrested after Indianapolis Metropolitan Police Department ("IMPD") Officers Mark Howard ("Howard") and Nathan Challis ("Challis") were dispatched to a White Castle, where Mendoza had been disrupting business by harassing customers for one and one-half to two hours. Upon their arrival, Officer Howard noticed that Mendoza's eyes were bloodshot and that he had a strong odor of alcohol about his person. Officer Howard asked Mendoza to stand up, and Mendoza struggled to stand on his own.

Officer Howard placed Mendoza under arrest for public intoxication, and escorted Mendoza outside. When Officer Howard and Mendoza reached the officers' patrol vehicle, Officer Challis proceeded to pat down Mendoza pursuant to the arrest. Officer Challis found a clear white baggie containing a white powdery substance in Mendoza's right front pants pocket, and immediately suspected that the substance was cocaine. Officer Howard agreed with Officer Challis's observation and also placed Mendoza under arrest for possession of cocaine.

Officer Howard informed Mendoza of his arrest for public intoxication and for possession of cocaine, at which time Mendoza began to threaten the officers. Mendoza stated that if he were arrested, that he and the Mendozas would "take care of [the officers]" and that the officers would be "f***ed up." Appellant's App. p. 34. Mendoza

also stated that he would "take care of" the officers' families.  Id.  When Mendoza continued to verbally threaten the officers, Officer Howard placed him under arrest for intimidation.  Officers Howard and Challis also found $658.00 in cash on Mendoza's person, and seized the money and the cocaine to be transported to the IMPD property room to be held while Mendoza's case was pending.

On April 22, 2008, Mendoza's case came to a final disposition when the court accepted his guilty plea for Class D felony possession of cocaine and Class D felony intimidation.  The Marion County prosecutor dropped a third charge of public intoxication as part of the plea bargain.  Mendoza was sentenced to 270 days home detention, with 38 days credit time.[1]

On November 15, 2012, Mendoza filed a motion for return of property in order to obtain the $658 seized during his 2008 arrest.  The trial court summarily denied his motion on November 20, 2012.  The completed clerk's record shows no formal judgment or order entered on the motion.  On December 7, 2012, Mendoza filed a motion to correct error, which was denied on January 4, 2013.

Although the trial court ruled on the motion to correct error on January 4, 2013, the ruling was not recorded in the Chronological Case Summary ("CCS") until January 7, 2013.  Mendoza filed a motion for ruling on January 16, 2013, at which point the CCS listed the actual date of the January 4, 2013 ruling.  Mendoza then filed a notice of appeal on February 6, 2013.

---

[1] Mendoza's appeal is sent from the Plainfield Correctional Facility, where he is currently incarcerated on other charges.

## I. Jurisdictional Question

We initially address the State's cross-appeal because it deals with this court's jurisdiction to address Mendoza's claim. In its cross-appeal, the State contends that this court lacks jurisdiction because Mendoza's notice of appeal was filed more than thirty days after the trial court issued its ruling on his motion to correct error. The State is correct that Mendoza has filed his notice of appeal more than thirty days after the trial court ruled on his motion; however, that is not the dispositive time period in this appeal.

The Indiana Rules of Appellate Procedure prescribes the procedure for filing the notice of appeal. "[I]f any party files a timely motion to correct error, a Notice of Appeal must be filed within thirty (30) days after the court's ruling on such motion is noted in the [CCS]." App. Rule 9(a)(1). Therefore, because the CCS failed to record the trial court's ruling until January 7, 2013, the thirty-day filing period began to run on that date, rather than January 4. February 6, 2013 was the thirtieth day following the CCS's entry of the court's ruling on the motion to correct error, and thus Mendoza's appeal, filed on February 6, was timely. Because Mendoza's appeal is, in fact, timely, this court has jurisdiction over his appeal.

## II. Denial of Motion for Return of Property

Our standard of review for matters decided without a jury, including summary denials of motions, is well settled. This court will reverse a trial court's denial of a motion for return of property only upon a showing that the court's denial was clearly erroneous and cannot be sustained on any legal theory supported by the evidence. Williams v. State, 952 N.E.2d 317, 319 (Ind. Ct. App. 2011) (citing Merlington v. State,

839 N.E.2d 260, 262 (Ind. Ct. App. 2005)). That said, statutes relating to search and seizure must be strictly construed, "in favor of the constitutional right of the people." Id. (quoting Wallace v. State, 199 Ind. 317, 327, 157 N.E.2d 657, 660 (Ind. 1927)). Finally, it is the court's duty and within its jurisdiction to return seized property once the court's need for the property has been terminated. Id. (citing Sinn v. State, 693 N.E.2d 78, 81 (Ind. Ct. App. 1998)).

When a defendant's criminal case reaches its final disposition, (s)he becomes entitled to the return of any property seized from her or his possession in the absence of a showing that it was stolen or could not otherwise be legally possessed. Conn v. State, 496 N.E.2d 604, 608 (Ind. Ct. App. 1986). Even if the circumstances of the seizure are perfectly lawful, a defendant retains a protectable property interest in the seized materials. Id.

Indiana Code section 35-33-5-5 governs the process of returning property seized as evidence to its rightful owner. Following the final disposition of a case, the rightful owner of property that may be lawfully possessed is to be notified to take possession of the property, and if the owner is unknown, law enforcement are required to make a reasonable attempt to ascertain ownership. Ind. Code § 35-33-5-5. After ninety days from the time that the law enforcement agency either notifies the rightful owner or makes a reasonable attempt to ascertain ownership of the property, the law enforcement agency is authorized to dispose of the property. Id.

Mendoza has established a *prima facie* claim for the $658 taken from his person at the time of his arrest. When a person has possession of cash at the time of his arrest, it is

5

presumed that he is the owner of that cash. <u>Merlington</u>, 839 N.E.2d at 263 (citing <u>Poxon v. State</u>, 514 N.E.2d 652, 654). Here, as in <u>Merlington</u>, the State produced no evidence, nor did it allege that the money did not rightfully belong to Mendoza, because there was no hearing or pleading in the record by which the State could have introduced such evidence. The record lacks any indication that Mendoza was properly notified to take possession of the property following the disposition of his case.

The final disposition in this case occurred on April 22, 2008, when the trial court accepted Mendoza's guilty plea. Under Indiana Code 35-33-5-5, IMPD then had a duty to notify the rightful owner to take possession of the seized $658. Although there may well have been an attempt by law enforcement to notify Mendoza, as the State alleges in its brief, the record lacks any notice to the court or other admissible proof that such an effort took place, and the trial court issued no official order or findings of fact with its denial. In addition to the lack of any proof of adequate notice, there is no finding based on admissible evidence that Mendoza could not lawfully possess the property under the State forfeiture statutes, or that Mendoza somehow failed to file his motion properly.

Without a hearing and findings based on admissible evidence, the trial court was without authority to deny Mendoza's motion for return of property. We therefore reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

NAJAM, J., and BROWN, J., concur.