**Terrence WILLIAMS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–1101–CR–9.**

Court of Appeals of Indiana.

Aug. 4, 2011.

David Hennessy, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Terrence Williams was charged with carrying a handgun without a license, and police seized his gun for evidence. After the State dismissed the charge, Williams asked that the gun be released to his counsel. The court denied his petition, and we reverse.

## FACTS AND PROCEDURAL HISTORY

Williams was charged with carrying a handgun without a license. He filed a motion to suppress, which was granted, and the case was dismissed on October 18, 2010. Williams asked that his gun be returned,[1] and the court scheduled a hearing for November 15. At the hearing, both parties addressed Williams' prior conviction and thought it was a misdemeanor, which would permit Williams to own a gun. The court provisionally granted Williams' request, but directed him to provide documentation showing the prior conviction was a misdemeanor.

On November 18, Williams filed a Petition for Release of Property to Counsel. In it he indicated his prior conviction was, in fact, a felony, which made it unlawful for Williams to have a gun. Attached to the petition was a notarized document dated the day the charges were dropped, October 18, indicating Williams had transferred

---

1. Williams says this was an oral request. Both parties direct us to an entry in the Chronological Case Summary, but it does not indicate the nature of the request. Nor does the record reflect whether this initial request was for the gun to be returned to Williams or to his counsel.

ownership of the gun to his counsel that day.[2]

The trial court found that "at the moment of disposition, the rightful owner was [Williams]. [Williams] could not possess said property at the time of said disposition. The later transfer of ownership does not change these historical facts." (App. at 35.) It accordingly denied what it characterized as Williams' "Motion to Return the Firearm *to himself* or his counsel." (*Id.*) (emphasis added).

## DISCUSSION AND DECISION

Indiana law provides:

(a) All items of property seized by any law enforcement agency as a result of an arrest, search warrant, or warrantless search, shall be securely held by the law enforcement agency under the order of the court trying the cause, except as provided in this section.

\* \* \* \* \* \*

(c) Following the final disposition of the cause at trial level or any other final disposition the following shall be done:

(1) Property which may be lawfully possessed shall be returned to its rightful owner, if known.[3]

Ind.Code § 35–33–5–5 (footnote added).

■ When we review the denial of a motion for return of property, we will affirm unless the decision is clearly erroneous and cannot be sustained on any legal theory supported by the evidence. *Merlington v. State,* 839 N.E.2d 260, 262 (Ind. Ct.App.2005). Statutes that relate to search and seizure must be strictly con-

strued "in favor of the constitutional right of the people." *Wallace v. State,* 199 Ind. 317, 327, 157 N.E. 657, 660 (1927). The court, once its need for the property has terminated, has both the jurisdiction and the duty to return seized property. *Sinn v. State,* 693 N.E.2d 78, 81 (Ind.Ct.App. 1998).

■ It was error to deny Williams' motion to release the gun to his counsel. The trial court denied the petition because: "*The Defendant* could not possess said property at the time of said disposition." (App. at 35) (emphasis added). But, in the petition at issue here, Williams did not ask to have the gun returned to himself; he asked that it be returned "to *Counsel.*" (*Id.* at 32) (emphasis supplied). Williams' inability to lawfully possess a handgun, without more, does not prevent the return of the gun to his counsel. The State has not suggested counsel could not "lawfully possess" the gun Williams had transferred to him; thus, we reject the State's assertion that the trial court properly refused to release the gun *to counsel* based on Williams' prior felony conviction.

■ The State next appears to argue the statute permits the return of property to only the person who owned the property at the moment the case was disposed. Adopting that argument would require us to read into the statute a restriction the legislature did not include, and we may not do so. *See Grody v. State,* 257 Ind. 651, 659–60, 278 N.E.2d 280, 285 (1972) (If a statute has a plain meaning, it must be given effect). We may not "expand or

---

2. In his brief, Williams asserts he transferred ownership of the gun to counsel "in payment of a remaining balance on the cost of defense." (Br. of Appellant at 4.) He does not direct us to anything in the record to support that characterization of the reason for the transfer, but the State does not dispute it.

3. A firearm that has been seized from "a person who is dangerous (as defined in IC 35–47–14–1) shall be retained, returned, or disposed of in accordance with IC 35–47–14." Ind.Code § 35–33–5–5(c)(3). The State does not argue Williams is "dangerous" for purposes of this statute.

contract the meaning of a statute by reading into it language which will, in the opinion of the Court, correct any supposed omissions or defects therein." *Id.*

We note initially that the record does not support the State's premise that only Williams could have been the owner "at the time of disposition." Williams attached to his petition for release of the gun to counsel a notarized document dated October 18, the same day the charges were dismissed, indicating Williams had transferred ownership of the gun to his counsel that day. Nothing in the record indicates whether the transfer of ownership happened before or after the moment when the charges were dropped. Thus the evidence in the record is that "following disposition," and possibly even before the final disposition, it was counsel, and not Williams, who was the rightful owner of the gun.

Even if the transfer happened after disposition, the gun should have been returned to counsel. The statute explicitly provides that "*[f]ollowing the* final disposition of the cause," property that may be lawfully possessed shall be returned to its rightful owner. Ind.Code § 35-33-5-5 (emphasis added). The State directs us to nothing in the statute that explicitly limits the definition of "rightful owner" to the person with title at the *moment* of disposition. Rather, the statute provides for return, "following" disposition, to the rightful owner. Nothing in the statutory language limits its application to the rightful owner *at the time of disposition,* and the State offers no authority to support its argument that only the owner *at* the "time of disposition" can be a "rightful owner" under that section.

Counsel was the "rightful owner" of the gun "following the final disposition" of Williams' case, and nothing in the record suggests counsel could not "lawfully possess" it. As we are obliged to strictly construe the statute in favor of the owner of the property, *see Wallace,* 199 Ind. at 327, 157 N.E. at 660, it was error to deny the petition to release the gun to Williams' counsel.

Reversed.

BAKER, J., and BAILEY, J., concur.