**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

FILED

Dec 12 2012, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EARL McCLENDON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1206-CR-282 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara A. Collins, Judge
The Honorable Deborah Shook, Magistrate
Cause No. 49F08-1110-CM-074190

**December 12, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Earl McClendon (McClendon), appeals the trial court's denial of his motion requesting the return of his firearm.

We reverse and remand with instructions.

## ISSUE

McClendon raises four issues on appeal, which we consolidate and restate as the following single issue: Whether the trial court abused its discretion when it denied his motion requesting the return of his firearm.

## FACTS AND PROCEDURAL HISTORY

On October 15, 2011, Indianapolis Metropolitan Police Department Officer Timothy Elliot (Officer Elliot) was traveling on 42nd Street in Indianapolis, Indiana, when a Chevy Malibu vehicle approaching from the opposite direction traveled left of the center lane and almost struck his patrol car. Both he and another officer on the road had to perform evasive maneuvers to avoid contact with the vehicle. The Officers detained the driver of the vehicle, McClendon, and transported him to the Indianapolis Police Department. At the Department, a certified chemical test operator administered a chemical test to McClendon and determined that he had an alcohol concentration equivalent (ACE) of 0.17 grams of alcohol per two hundred ten liters of breath. Subsequently, the Officers learned that McClendon's license had previously been suspended.

On October 16, 2011, the State filed an Information charging McClendon with Count I, operating a vehicle while intoxicated endangering a person, a Class A misdemeanor, Ind. Code § 9-30-5-2(b); Count II, operating a vehicle while intoxicated with an ACE of 0.15 or above, a Class A misdemeanor, I.C. § 9-30-5-1(b); and Count III, driving while suspended, a Class A misdemeanor, I.C. § 9-24-19-2. On December 5, 2011, the State moved to amend the Information by adding Count IV, resisting law enforcement, a Class A misdemeanor, I.C. § 35-44-3-3. In its motion to amend the Information, the State alleged that McClendon had put his hand on his firearm and resisted the Officers by refusing to place his hands on the vehicle prior to his arrest. The trial court granted the motion to amend the Information.

On May 9, 2012, McClendon pled guilty pursuant to a written plea agreement to Counts II and IV. In exchange, the State dismissed Counts I and III. That same day, the trial court held a hearing, at which it accepted the plea agreement and sentenced McClendon to 365 days on each Count, with the sentences to be served concurrently and 363 days suspended to probation. After the sentencing portion of the hearing, McClendon requested the return of his firearm, which had been confiscated pursuant to his arrest. The trial court heard testimony by Officer Elliot, who testified that he had ordered McClendon to place his hands on top of the car and that McClendon had instead put his hands on his firearm. At the conclusion of the hearing, the trial court ordered the firearm destroyed. The trial court granted McClendon's request to stay the destruction order pending appeal.

McClendon now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

McClendon argues on appeal that the trial court abused its discretion when it denied his motion requesting the return of his firearm. He asserts that the trial court's decision violates I.C. § 35-47-3-2(b), which requires the trial court to return confiscated firearms following the final disposition of a cause. In response, the State argues that the trial court's decision was proper because: (1) McClendon was convicted for the misuse of a firearm; and (2) McClendon is an alcohol abuser and is thus no longer entitled to possess the firearm.

When we review the denial of a motion for the return of property, we will affirm unless the decision is clearly erroneous and cannot be sustained on any legal theory supported by the evidence. *Williams v. State,* 952 N.E.2d 317, 319 (Ind. Ct. App. 2011). Statutes that relate to search and seizure must be strictly construed in favor of the constitutional right of the people. *Id.* The court, once its need for the property has terminated, has both the jurisdiction and the duty to return seized property. *Id.*

The return of McClendon's handgun is governed by I.C. § 35-47-3-2(b), which provides:

> Firearms shall be returned to the rightful owner at once following final disposition of the cause if a return has not already occurred under the terms of I.C. § 35-33-5. . . . However, nothing in this chapter shall be construed as requiring the return of firearms to rightful owners who have been convicted for the misuse of firearms.

4

The State asserts that the trial court should not return the firearm because McClendon falls under the exception to section 35-47-3-2(b) for rightful owners who have been convicted for the misuse of firearms. In response, McClendon argues that his use of his firearm was not part of the factual basis for his plea agreement and that he never admitted to touching his firearm. Accordingly, he argues, he was not "convicted" for the "misuse of firearms." We agree with McClendon as none of the evidence underlying his conviction supports the State's contention that he misused his firearm.

Specifically, at the hearing, the State established the factual basis for McClendon's plea as follows:

> As to Count 4, on or about October 15, 2011 in Marion County, State of Indiana, the following named defendant, [McClendon], did knowingly and forcibly resist, obstruct or interfere with Timothy Elliott, a law enforcement officer with the Indianapolis Metropolitan Police Department, while the [O]fficer was lawfully engage[d] in the execution of his duties as a law enforcement officer.

(Transcript pp. 5-6). McClendon admitted to the veracity of these allegations, but neither the State nor McClendon made any references to McClendon's firearm. The State contends that although the factual basis did not provide any evidence that McClendon's conviction involved the misuse of his firearm, both the probable cause affidavit and the State's motion to amend the Information alleged that McClendon touched his firearm while resisting law enforcement. However, we have previously noted that, absent a defendant's admission of the veracity of the contents of a probable cause affidavit or

5

Information, both are "mere accusations against a defendant and no evidence whatsoever of his guilt." *Anderson v. State,* 396 N.E.2d 960, 962 (Ind. Ct. App. 1979); *see also Toan v. State,* 691 N.E.2d 477, 481 (Ind. Ct. App. 1998) (noting that a factual basis can be established by a reading of the Information and an admission by the defendant that the allegations are true). Accordingly, we will not find that the probable cause affidavit and Information provided evidence that McClendon misused his firearm.

In addition, while the trial court heard testimony from Officer Elliot concerning the firearm, it only did so after it had accepted McClendon's guilty plea and sentenced him. Thus, we cannot find that McClendon's conviction was founded on Officer Elliot's testimony. The plain language of I.C. § 35-47-3-2(b) states that a trial court is not required to return a firearm to a rightful owner who has been "*convicted* for the misuse of firearms." *See* I.C. § 35-47-3-2(b) (emphasis added). Because we cannot find any evidence in the record that McClendon admitted to misusing a firearm as part of his guilty plea and conviction, we conclude that he was not convicted for the misuse of a firearm.

Alternatively, the State argues that the trial court's decision to deny McClendon's motion was proper because he was an alcohol abuser and thus no longer entitled to possess the firearm. Pursuant to I.C. § 35-47-2-7(b), "[i]t is unlawful for a person to sell, give, or in any manner transfer the ownership or possession of a handgun to another person who the person has reasonable cause to believe: . . . (3) is an alcohol abuser[]." Under the Indiana Code, an "alcohol abuser" is "an individual who has had two (2) or

more alcohol related offenses, any one (1) of which resulted in conviction by a court or treatment in an alcohol abuse facility within three (3) years prior to the date of the application." I.C. § 35-47-1-2. The State alleges that between McClendon's conviction for operating a vehicle while intoxicated in the instant case and a prior conviction for public intoxication, McClendon has had two or more alcohol related offense.

We disagree with the State's contention as the State did not prove that McClendon has a prior alcohol related offense. During the hearing, the State told the trial court: "[McClendon] does have a public intoxication arrest on his record which he was also, the arrest was actually for failure to stop after an accident, I believe. There's also a public intoxication arrest on that." (Tr. p. 11). However, the State made this statement during its argument to the trial court and did not actually submit any evidence of the alleged arrest. Moreover, the State's use of the phrase "I believe," does not convince us that the State's statements accurately reflect McClendon's criminal history. (Tr. p. 11).

In sum, we find that the State did not prove that McClendon misused a firearm for purposes of I.C. § 35-47-3-2(b) or is an alcohol abuser for purposes of I.C. § 35-47-2-7(b). Accordingly, we conclude that the trial court abused its discretion and was instead required to return McClendon's firearm as stated in I.C. § 35-47-3-2(b). We reverse the trial court's decision and remand with instructions to return McClendon's firearm.[1]

---

[1] Because we find that the trial court abused its discretion under I.C. § 35-47-3-2(b), we will not address McClendon's remaining claims.

<u>CONCLUSION</u>

Based on the foregoing, we conclude that the trial court abused its discretion in denying McClendon's motion requesting the return of his firearm.  We remand with instructions for the trial court to return McClendon's firearm.

Reversed and remanded with instructions.

BAKER, J. and BARNES, J. concur