Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 15 2013, 6:06 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JEFFREY E. HOWELL**
New Castle Correctional Facility
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY E. HOWELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 47A05-1211-CR-590 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAWRENCE CIRCUIT COURT
The Honorable Andrea K. McCord, Judge
Cause No. 47C01-1101-FD-107

**July 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Jeffrey E. Howell, pro se, appeals the trial court's denial of his motion for return of property. Specifically, Howell sought the return of a laptop computer, data storage devices, and other laptop accessories seized by law enforcement. The State objected to the return of the property, alleging that the property contained child pornographic material. On appeal, Howell asserts that the trial court clearly erred when it denied his motion. Finding no clear error, we affirm.

**Facts and Procedural History**

The limited record before us indicates that, due to a prior conviction for class D felony child solicitation, Howell was required to register as a sex offender which included registering any electronic email address, instant messaging username, chat room username, or social networking username he intended to use. Howell failed to properly register after moving to Lawrence County. In October 2010, while serving an arrest warrant for a probation violation on Howell, Lawrence County Police Department officers seized a Dell laptop computer, data storage devices, and other laptop accessories from the dwelling in which Howell was residing.[1] Howell pled guilty to the probation violation and was sentenced to two years' imprisonment. On January 11, 2012, after Howell was released from prison, he was again arrested for failure to register as a sex offender. Thereafter, on January 26, 2011, the State charged Howell with class D felony failure to register as a sex or violent offender.

---

[1] The property log lists the following seized items: One Dell Inspiron 1150 laptop computer with power cord; two USB cords; one USB hub connector; one CE thumbdrive; one Sandisk thumbdrive; one Verizon usb air card/thumbdrive; one white cd in case; one Sandisk 2.0gb memory card; one Sandisk 1.0gb memory card; one Sandisk 1gb memory card. Appellant's App. at 5.

Howell pled guilty to that offense on April 2, 2012, and was sentenced to two years' imprisonment.

On June 21, 2012, Howell filed a motion for return of property, seeking return of the seized laptop computer, data storage devices, and accessories. Because Howell is currently serving a prison sentence, he designated Malcolm McMakin and another individual as his authorized representatives to take possession of the property. The State objected to the return of the property, asserting that the computer and storage devices contained child pornographic material. The State suggested that the laptop hard drive, thumb drives, and memory card contents be deleted and returned to factory settings as a condition of return. Howell refused to consent to that condition.

Following a hearing, the trial court entered the following order denying Howell's motion for return of property:

1. The property in question is not the property of the Defendant but the property of Malcolm McMakin, as evidences [sic] by an Affidavit submitted to the Court on 8/3/2012. Therefore, despite the property having been part of the case at hand, the Defendant does not have standing to request the return of property of which he is not the rightful owner.

2. Even if he had been the rightful owner, there were, as evidenced by the testimony and documentation presented, contained within the computer in question, illegal photographs. The Court will only allow the item released to the rightful owner if all traces of theses [sic] photographs are deleted by wiping the hard drive and restoring the laptop to its factory settings.

Appellant's Brief at 9

This appeal ensued.

3

**Discussion and Decision**

Upon review of a trial court's denial of a motion for return of property, we will affirm unless the decision is clearly erroneous and cannot be sustained upon any legal theory supported by the evidence. *Merlington v. State*, 839 N.E.2d 260, 262 (Ind. Ct. App. 2005). The disposition of property seized as a result of an arrest is governed by Indiana Code Section 35-33-5-5, which provides in relevant part:

> (c) Following the final disposition of the cause at trial level or any other final disposition the following shall be done:
>
>> (1) Property which may be lawfully possessed shall be returned to its rightful owner, if known.

Statutes that relate to search and seizure must be strictly construed in favor of the constitutional right of people. *Williams v. State*, 952 N.E.2d 317, 319 (Ind. Ct. App. 2011). The court, once its need for the property has terminated, has both the jurisdiction and the duty to return the seized property. *Id.*

Here, it is undisputed that the police seized the items from a dwelling in which Howell was residing at the time of his arrest and that final disposition of that criminal cause has been made. Therefore, the sole questions presented are whether Howell has shown that he is the "rightful owner" of the property and whether the items "may be lawfully possessed." *See* Ind. Code § 35-33-5-5.

First, we agree with the trial court that Howell has failed to establish that he is the rightful owner of the property in question. Regarding the laptop computer specifically, the record indicates that Howell submitted the affidavit of Malcolm McMakin in which

4

McMakin averred that he is the true owner of the laptop and that he had loaned it to Howell.[2]

Therefore, it is undisputed that Howell is not the rightful owner of the laptop. As for the data

storage devices and computer accessories, Howell offered no testimony whatsoever regarding

those items or any purported ownership of those items. Thus, no presumption has been

raised that Howell is in fact the rightful owner of that property. *See Sinn v. State*, 693 N.E.2d

78, 81 (Ind. Ct. App. 1998) (defendant's testimony that he was owner of property in question,

without evidence from the State to the contrary, raised presumption that defendant was the

proper owner). Indeed, logic would suggest that McMakin may also be the rightful owner of

the data storage devices and computer accessories found with his laptop. Under the

circumstances, we cannot say that the trial court clearly erred when it concluded that Howell

failed to establish that he is the rightful owner of any of the seized property.

Moreover, even assuming Howell established that he is the rightful owner of the

seized property, which he did not, the record indicates that the laptop, in its current state,

constitutes property that cannot be lawfully possessed. Indiana Code Section 35-42-4-4(c)

provides in relevant part that a person who knowingly or intentionally possesses a

photograph that depicts or describes sexual conduct by a child who appears to be less than

sixteen (16) years of age and that lacks serious literary, artistic, political, or scientific value,

commits class D felony possession of child pornography. *See also* Ind. Code § 35-42-4-4(b)

---

[2] Howell failed to include a copy of McMakin's affidavit in the record on appeal so we are unaware of its contents. We do note that it appears from the transcript that Howell submitted the affidavit to evidence McMakin's objection to the State's proposed removal of any data from the laptop's hard drive as a condition of its return.

(defining class C felony child exploitation in part as knowingly making available to another person a computer knowing that the fixed drive or peripheral device contains matter that depicts sexual conduct by a child less than eighteen (18) years of age). Lawrence County Police Detective James Sloane testified that the seized laptop contains photographic images of young girls posing in positions which exposed their genitals. Detective Sloane testified that, based upon his observations as well as his experience investigating child pornography, the girls in the images appeared to be of "pubescent" or under legal age. Tr. at 7. This evidence was sufficient to support a reasonable inference by the trial court that the laptop contains sexual images of children and therefore constitutes property that cannot be lawfully possessed.

Howell maintains that the images on the laptop were obtained from a website with a disclaimer that all females depicted therein were eighteen years of age or older, and that consequently we should presume the images may be lawfully possessed. Howell similarly asserts that the State failed to definitively prove the exact ages of the females in the images. Based upon Detective Sloan's testimony as well as the trial court's own review of the evidence, the trial court reasonably concluded that the females in the photographs appeared to be under legal age and that therefore the images constitute contraband.[3]

As stated earlier, we will affirm a trial court's denial of a motion for return of property unless the decision is clearly erroneous and cannot be sustained upon any legal theory

_____

[3] We note that the record suggests that, following the hearing, the trial court intended to conduct an *in camera* review of the images to determine whether the females in the images appeared to be children.

supported by the evidence. Howell has failed to demonstrate that the trial court clearly erred.

Accordingly, we affirm the trial court's denial of Howell's motion.

Affirmed.

ROBB, C.J., and FRIEDLANDER, J., concur.