**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**JEFF HOWELL**
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFF HOWELL, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1307-MI-634 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Stanley Kroh, Commissioner
Cause Nos. 49G03-0807-PC-158636
49G03-0811-PC-270239

**February 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SULLIVAN, Senior Judge**

Jeff Howell appeals the denial of his Renewed Motion for Return of Property. We affirm.

In 2008, the police seized Howell's personal property during several criminal investigations. The investigations resulted in convictions under Cause Numbers 49G03-0807-FC-158636 and 49G03-0811-FD-270239.[1]

In 2012, Howell filed a Motion for Return of Property in the two cases, asking the court to order the return of several specified items. The State filed a response. The court granted the motion in part and denied it in part, determining that Howell was not entitled to the return of a "U.S. Government employee identification card," a cell phone, and a wireless air card. Appellant's App. p. 125. The court directed the State to return other items to Howell.

In July 2013, Howell filed a Renewed Motion for Return of Property, asking the court to order the return of the U.S. government employee identification card, the cell phone, and the wireless air card. The trial court denied Howell's Renewed Motion without a hearing and without waiting for a response from the State. This appeal followed.

Howell claims that the trial court should have ordered the return of the items he identified in his Renewed Motion. After a criminal case has been adjudicated, whether "at trial level or any other final disposition," the State must return "property which may be lawfully possessed" "to its rightful owner, if known." Ind. Code § 35-33-5-5 (2007).

---

[1] Both cause numbers were later changed to post-conviction cause numbers when Howell sought post-conviction relief.

A court, once its need for property has terminated, has both the jurisdiction and the duty to return seized property. Williams v. State, 952 N.E.2d 317, 319 (Ind. Ct. App. 2011). When we review the denial of a motion for return of property, we will affirm unless the decision is clearly erroneous and cannot be sustained on any legal theory supported by the evidence. Id.

Turning to the U.S. government employee identification card, Howell asserted in his Renewed Motion that he had "lawfully possessed" it at the time of seizure. Appellant's App. p. 127. He again asserts on appeal that he "lawfully possessed" the card. Appellant's Br. at 4. These assertions are insufficient to prevail. The governing statute requires that property must be returned to its "rightful owner," Ind. Code § 35-33-5-5, and there is no evidence that Howell was the owner of the identification. To the contrary, at the time that the court considered Howell's Renewed Motion, he was incarcerated at the Indiana Department of Correction on a matter unrelated to this case,[2] and it is unclear that he was entitled to possess the card, much less that he was its rightful owner. The trial court did not commit clear error in denying Howell's request to return the U.S. government employee identification card.

As for the cell phone and the wireless air card, Howell has asserted that he is the rightful owner of those items. The State, in its response to Howell's 2012 Motion for Return of Property, objected to returning those items because they "were introduced into evidence at trial." Appellant's App. p. 125. This objection carries little weight because

_____

[2] It appears from the docket that Howell was released from incarceration while this appeal was pending. We review the trial court's decision based on the facts before it at the time of the decision, so Howell's subsequent release does not affect our analysis.

3

the question is not whether Howell's property was introduced into evidence, but whether the trial court's need for the property has ended. Nevertheless, Howell was incarcerated at the time he filed his Renewed Motion, and inmates are not entitled to possess wireless or cellular communication devices. See Ind. Code § 35-44.1-3-5(b) (2012) (a person who attempts to give an inmate such a device commits a Class C felony). Furthermore, Howell failed to designate a person who could have received the cell phone and wireless air card on his behalf. Cf. Williams, 952 N.E.2d at 319 (trial court erred by denying Williams' request to return a handgun; although Williams could not lawfully possess the gun, Williams asked in the motion that it be transferred to his counsel). The trial court did not commit clear error in denying Howell's request to return the cell phone and the wireless air card.[3]

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

KIRSCH, J., and PYLE, J., concur.

---

[3] This decision is without prejudice to Howell's ability to file a new, updated, and timely petition requesting return of the cell phone and the wireless air card.

4