## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 20 2016, 6:53 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEES |
|---|---|
| W. Edward Skees | Rosemary L. Borek |
| The Skees Law Office | Stephenson Morow & Semler |
| New Albany, Indiana | Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua Shepherd Thompson, | January 20, 2016 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 10A05-1506-PL-652 |
| v. | Appeal from the Clark Circuit Court No. 4 |
| City of Jeffersonville, Indiana and its Fire Department Merit Commission, | The Honorable Larry W. Medlock, Special Judge |
| *Appellees-Defendants.* | Trial Court Cause No. 10C04-1408-PL-108 |

**Bailey, Judge.**

# Case Summary

Joshua Shepherd Thompson ("Thompson"), a firefighter in Jeffersonville ("the City"), was determined ineligible for promotion after a change in policy by the City's Fire Department ("the Fire Department") Merit Commission ("the Commission"). He sought judicial review of this determination, and the trial court dismissed his claim. He now appeals.

We affirm.

# Issues

Thompson presents several issues for our review, but we find one dispositive: whether the trial court properly dismissed Thompson's petition for judicial review for lack of subject-matter jurisdiction.

# Facts and Procedural History

Thompson appeals the dismissal of his claim, and we accordingly take our statement of facts from his complaint.

Thompson was hired as a merit employee of the Fire Department in August 2010. In September 2011, the Commission's rules were changed to require two years of "on-line" service prior to employees being eligible for certain promotions. (App'x at 8.) This policy change was not distributed to department member as required under statute. *See* Ind. Code § 36-8-3.5-22.

[6]     In January 2012, Thompson took a position as a political appointee within the Fire Department, but retained his length of service and merit status for promotion consideration. In July 2012, Thompson applied to begin the merit system promotion process, and in August 2012 the Commission and its attorney notified Thompson that he was eligible to participate in the promotion process.

[7]     In October 2012, after written and oral testing, Thompson was ranked second among seven Fire Department members eligible for promotion. The following month, the firefighters' union challenged Thompson's eligibility for merit promotion. In apparent response, the Commission removed Thompson from the eligibility list for merit promotion. In January 2013,[1] Thompson appealed this determination, and the Commission denied his appeal.

[8]     In November 2013, the Commission adopted new eligibility rules. In April 2014, Thompson left his political appointment and returned to "on-line" service with the Fire Department. He was at this time notified that he was not eligible for promotion within the merit system until 2016.

[9]     In June 2014, Thompson appealed this determination, seeking to be returned to the merit status he held in October 2012. On August 14, 2014, the Commission denied Thompson's appeal.

---

[1] Thompson's complaint reads "January 2012." The Commission appears to agree that Thompson intended January 2013, and we construe his complaint accordingly.

On August 29, 2014, Thompson filed his verified complaint, which challenged the Commission's decision and sought monetary damages and a permanent injunction ordering the Commission to restore to Thompson his merit status as of October 2012. Thompson's suit named the City and the Commission as defendants.

On November 19, 2014, the Commission filed a motion to dismiss. In its motion, the Commission argued that the trial court lacked subject matter jurisdiction over Thompson's claim, that Thompson had belatedly sought judicial review, and that Thompson had not named the proper defendants.

A hearing on the motion to dismiss was conducted on April 24, 2015. The trial court entered its order dismissing Thompson's complaint on May 15, 2015.

This appeal ensued.

# Discussion and Decision

Thompson appeals the trial court's order dismissing his verified petition for judicial review under Trial Rule 12(B)(1).[2] If the facts before the trial court are not in dispute, the question of subject matter jurisdiction is purely one of law.

---

[2] The trial court also dismissed Thompson's petition for judicial review as untimely filed. Because we resolve the appeal on a jurisdictional basis, we do not reach the remainder of Thompson's issues on appeal.

*GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind. 2001). We review such decisions *de novo*. *Id.*

[15] At issue here is the proper interpretation of the judicial review provisions of Indiana's police and fire department merit system statute. *See* I.C. § 36-8-3.5-1 *et seq.* Courts receive subject-matter jurisdiction over a class of cases only through the constitution or legislative enactment. *In re Adoption of J.T.D.*, 21 N.E.3d 824, 828 (Ind. 2014). Where the language of a statute is unambiguous, "'[w]e may not expand or contract the meaning of a statute by reading into it language which will, in the opinion of the Court, correct any supposed omissions or defects.'" *Williams v. State*, 952 N.E.2d 317, 319-20 (Ind. Ct. App. 2011) (quoting *Grody v. State*, 257 Ind. 651, 659-60, 278 N.E.2d 280, 285 (1972)).

[16] In its motion to dismiss, the Commission argued that the trial court lacked jurisdiction over the class of case at issue because the statute permits "appeal to the circuit or superior court" by "[a] member who is aggrieved by a decision of the commission to suspend him for a period greater than ten (10) calendar days, demote him, or dismiss him." I.C. § 36-8-3.5-18(a). The Commission argued that the determination of eligibility for promotion does not fall within the three enumerated bases—suspension for more than ten calendar days, demotion, or dismissal—upon which an appeal may be premised. The trial court agreed, concluding that "the law does not provide this court with subject-matter jurisdiction over promotion eligibility requirements for police or fire departments" and that "the situation would not qualify as an event of

discipline, demotion, or dismissal." (App'x at 7.) Thompson argues that removal from the promotion eligibility list was a demotion, and thus the trial court erred when it dismissed his petition for judicial review.

[17] We think the trial court was correct in its determination that removal from the promotion eligibility list was not disciplinary action, demotion, or dismissal from employment within the meaning of Section 36-8-3.5-18. The statute's terms relate to employment decisions that directly affect the pay and work status of an employee, and the scope of appealable disciplinary actions is narrower than the overall scope of actions a merit commission may take. *See* I.C. § 36-8-3.5-17(a) (providing that a merit commission may suspend with or without pay, demote, or dismiss an employee). Demotion and promotion are commonly understood to mean increase or reduction in position, that is, relegation to a subordinate or superordinate rank. Thompson was not demoted in rank, and the trial court was thus without statutory authority to hear his appeal. Thus, the court was without subject-matter jurisdiction to review the Commission's decision and properly dismissed his appeal.

[18] In his briefs, Thompson argues that this result would render the police and fire merit system statutes unenforceable. In particular, Thompson directs us to his allegation in the verified petition that the Commission did not properly distribute the 2011 changes to the promotion eligibility policies, and argues that without jurisdiction over this class of case the statutes cannot be properly enforced. Yet to the extent his argument is with the language and scope of a legislative enactment, his complaint is properly directed toward the Indiana

General Assembly, which enacted the statute that defines the scope of judicial review of merit board decisions. *See In re Adoption of J.T.D.*, 21 N.E.3d at 828; *Boehm v. Town of St. John*, 675 N.E.2d 318, 321-22 (Ind. 1996) (recognizing the legislature's role in defining the public policy of the state, and expressing caution with respect to potential violations of the separation of powers). Further, if Thompson had any constitutional due-process claims that could have served as means to enforce statutory provisions concerning notification of policy changes, we note that he failed to pursue such a claim and has made no cognizable Indiana constitutional claim.[3]

[19] Having found no error in the trial court's decision that it lacked subject-matter jurisdiction over Thompson's claim, we affirm the order of dismissal.

[20] Affirmed.

Vaidik, C.J., and Crone, J., concur.

---

[3] On October 21, 2014, Thompson filed a stipulation with the trial court that he was not asserting any federal constitutional claims. (App'x at 4.) Thompson's briefs before this Court make a single reference to the Indiana Constitution, with no subsequent argument sounding in constitutional doctrine.