
**FILED**

Aug 07 2015, 8:22 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Peter D. Todd | Gregory F. Zoeller |
| Elkhart, Indiana | Attorney General of Indiana |
| | Justin F. Roebel |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Keron D. Rodgers, | August 7, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 20A03-1412-CR-438 |
| v. | Appeal from the Elkhart Superior Court; The Honorable Stephen R. Bowers, Judge; 20D02-1408-F6-77 |
| State of Indiana, | |
| *Appellee-Plaintiff.* | |

**May, Judge.**

[1] Keron D. Rodgers appeals the order that he participate in the Victim-Offender Reconciliation Program ("VORP") in lieu of the court conducting a restitution hearing.

[2] We reverse and remand.

## Facts and Procedural History

[3] On August 4, 2014, Elkhart police saw a car Rodgers was driving turn without signaling. The officer initiated a traffic stop, but Rodgers sped away, driving fifty to sixty miles per hour through a residential zone with a thirty mile per hour speed limit. The car chase ended when Rodgers ran his car into a house. Rodgers then fled on foot. Police found him hiding in a backyard.

[4] Rodgers was charged with Level 6 felony resisting law enforcement,[1] Class A misdemeanor resisting law enforcement,[2] Class C misdemeanor leaving the scene of an accident,[3] and Class C misdemeanor driving without a license.[4] A jury found Rodgers guilty on all counts. The trial court sentenced Rodgers to two years for resisting law enforcement, 180 days for leaving the scene of the accident, and sixty days for driving without a license, all to be served

---

[1] Ind. Code § 35-44.1-3-1. (2014).

[2] Ind. Code § 35-44.1-3-1 (2014).

[3] Ind. Code § 9-26-1-2(2) (2012); Ind. Code § 9-26-1-9 (2008).

[4] Ind. Code § 9-24-18-1 (2013).

concurrently. The State requested Rodgers pay restitution through VORP. The court so ordered. Rodgers did not object.

## Discussion and Decision

[5] The trial court erred by ordering Rodgers to participate in VORP instead of conducting a hearing about restitution because the order that he participate in VORP was not permissible under the statutes creating VORP.[5]

[6] When faced with a question of statutory interpretation, our review is *de novo. In re M.W.,* 913 N.E.2d 784, 786 (Ind. Ct. App. 2009). We first decide if the statute is ambiguous. *Id.* If it is not, we need not and do not interpret it, but instead apply its plain and clear meaning. *Id.* If the statute is susceptible to more than one reasonable interpretation, it is ambiguous, and we must determine the legislature's intent so that we can give effect to that intent. *Maroney v. State,* 849 N.E.2d 745, 748 (Ind. Ct. App. 2006). Statutes must be read in harmony with related statutes. *St. Margaret Mercy Healthcare Ctrs., Inc. v. Poland,* 828 N.E.2d 396, 402 (Ind. Ct. App. 2005), *trans. denied.* We assume the legislature intended for the statutory language to be applied in a logical manner

---

[5] The State argues Rodgers waived this matter because he did not object at sentencing. Rodgers did not object in open court, but "appellate courts will review a trial court's restitution [order] even where the defendant did not object based on the rationale that a restitution order is part of the sentence, and it is the duty of the appellate court to bring illegal sentences into compliance." *Rich v. State*, 890 N.E.2d 44, 48 (Ind. Ct. App. 2008) (internal citations omitted), *trans. denied.* We accordingly choose to address Rodgers' argument on its merits.

consistent with the statute's underlying policy and goals. *B.K.C. v. State,* 781 N.E.2d 1157, 1167 (Ind. Ct. App. 2003).

[7] The purpose of VORP is to:

> provide an opportunity for a victim, *if the accused person or the offender agrees*, to:
>> (A) meet with the accused person or the offender in a safe, controlled environment;
>>
>> (B) give to the accused person or the offender, either orally or in writing, a summary of the financial, emotional, and physical effects of the offense on the victim and the victim's family; and
>>
>> (C) negotiate a restitution agreement to be submitted to the sentencing court for damages incurred by the victim as a result of the offense.

Ind. Code § 35-40-6-4(9) (1999) (emphasis added).

[8] The legislature has provided, through VORP, a mechanism whereby an offender and victim can meet to negotiate a restitution agreement that is then submitted to the sentencing court. However, the plain language of the statute provides such a meeting can occur "if the accused person or the offender agrees" to do so. *Id.* Finding no ambiguity in that phrase, we may not interpret it; we instead apply the plain language. *In re M.W.,* 913 N.E.2d at 786. Thus, without the agreement of the offender, VORP cannot be ordered.

[9] Rodgers did not agree to participate in VORP negotiations. We therefore reverse the order that he participate in VORP and remand to the trial court for a restitution hearing. *See Iltzsch v. State*, 981 N.E.2d 55, 57 (Ind. 2013) (finding proper a remand for restitution hearing).

Reversed and remanded.

Mathias, J., concurs. Robb, J., concurs in result without separate opinion.