

FILED

May 04 2016, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

David D. Barany
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David D. Barany, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 4, 2016 <br><br> Court of Appeals Case No. <br> 17A04-1510-CR-1734 <br><br> Appeal from the DeKalb Circuit Court <br><br> The Honorable Kirk D. Carpenter, Judge <br><br> Trial Court Cause No. <br> 17C01-0505-MR-1 |

**May, Judge.**

[1] David D. Barany appeals the trial court's denial of his request to return the firearm used in the commission of the crime of which he was convicted. We affirm.

## Facts and Procedural History

[2] In 2006, a trial court found Barany guilty of murder and sentenced him to fifty years.[1] During the trial, four weapons were introduced into evidence. On September 10, 2014, Barany asked that a "Bushmaster assault Rifle . . . Beretta handgun . . . [and] .22 Mag North American Arms Block powder revolver," (App. at 18) (capitalization errors in original), be returned to his mother, Jan Barany.

[3] At a hearing on the matter, the State made an oral motion to destroy the murder weapon, a "Colt Python .357 Magnum Revolver," (*id*. at 16), which was not listed in Barany's motion for return of property. The trial court granted Barany's motion to return the three weapons he requested, and it granted the State's oral motion to destroy the Colt Python.

[4] Barany filed a notice of appeal, and then a motion for remand and motion for leave to file belated appellant's brief with our court. On May 7, 2015, we granted his motion for remand "so [Barany] may pursue a Trial Rule 60(B) Motion in the trial court." (*Id*. at 22.) On June 12, 2015, Barany filed a motion

---

[1] We affirmed Barany's conviction. *Barany v. State*, No. 17A03-0607-CR-286 (Ind. Ct. App. April 30, 2007).

for relief from judgment and affidavits in support thereof. In his motion, he asked the trial court "to grant this motion and vacate its December 14, 2014 Judgment, and order the murder weapon [Colt Python] provided to Jan Barany, as it is her property[.]" (*Id*. at 27.) The State filed an objection to the 60(B) motion and the trial court held a hearing on Barany's 60(B) motion.

[5] The trial court granted Barany's 60(B) motion and determined "the Order of December 14, 2014 denying return of the murder weapon [Colt Python] to [Barany] is set aside." (*Id*. at 15.) It then denied Barany's request to release the Colt Python to Jan and granted the State's request to have it destroyed, finding:

> It is not in the best interest of the citizens of the State of Indiana that the murder weapon [Colt Python] be allowed to continue to be in existence. It is against public policy to allow the convicted Defendant, David Barany, to profit in any way by allowing the sale of the very weapon he used to commit the murder.

(*Id*. at 16.)

## Discussion and Decision

[6] Ind. Code § 35-47-3-2(b) states:

> Firearms shall be returned to the rightful owner at once following final disposition of the cause if a return has not already occurred under the terms of IC 35-33-5[2]. . . . However, nothing in this

---

[2] Ind. Code § 35-33-5-5(c)(1) requires, in relevant part, "[p]roperty [seized as part of an arrest, search warrant, or warrantless search] which may be lawfully possessed shall be returned to its rightful owner, if known" following the final disposition in the trial court. It is undisputed the Colt Python was not returned pursuant to the requirements of Ind. Code § 35-33-5-5(c)(1) and thus the provisions of Ind. Code § 35-47-3-2(b) apply.

chapter shall be construed as requiring the return of firearms to rightful owners who have been convicted of the misuse of firearms.

(footnote added). When we review the denial of a motion for return of property, we will affirm unless the decision is clearly erroneous and cannot be sustained on any legal theory supported by the evidence. *Merlington v. State*, 839 N.E.2d 260, 262 (Ind. Ct. App. 2005). The court, once its need for the property has terminated, has both the jurisdiction and the duty to return seized property. *Sinn v. State*, 693 N.E.2d 78, 81 (Ind. Ct. App. 1998).

Barany argues the trial court should have released the Colt Python to Jan.[3] He cites *Williams v. State*, 952 N.E.2d 317 (Ind. Ct. App. 2011), in which we held the trial court should have released to Williams' attorney a handgun seized as part of a criminal investigation against Williams. *Id*. at 321. *Williams* does not control, because Williams was not convicted of a crime involving misuse of the firearm. Instead, the charge of carrying a handgun without a license against Williams was dismissed after the trial court granted his motion to suppress.

---

[3] Barany initially argued the trial court erred when it denied his T.R. 60(B) motion. However, as the State pointed out in its brief, the trial court granted his T.R. 60(B) motion but denied his request to release the Colt Python to Jan. Thus, the standard of review regarding the return of property is appropriate.

Because the Colt Python was a murder weapon, it was misused[4] for purposes of Ind. Code § 35-47-3-2(b). Thus, the trial court did not err when it denied Barany's request to release the Colt Python to Jan.

## Conclusion

The trial court did not err when it denied Barany's request to release the Colt Python that Barany used to commit murder. We affirm.

Affirmed.

Najam, J., and Riley, J., concur.

---

[4] The Indiana Legislature has not defined "misuse of a firearm" as used in Ind. Code § 35-47-3-2(b). Based on the list of "lawful purposes" of a firearm including "hunting, self-defense, collecting, and competitive or recreational shooting" in *Smith & Wesson Corp v. City of Gary*, 875 N.E.2d 422, 427 (Ind. Ct. App. 2007), *reh'g denied*, *trans. denied*, we conclude the use a firearm to murder a person is "misuse" of the firearm.