

FILED

Jul 21 2017, 6:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jonathan Kent Roy,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 21, 2017

Court of Appeals Case No.
82A01-1701-CR-204

Appeal from the Vanderburgh Circuit Court.
The Honorable Kelli E. Fink, Magistrate.
Trial Court Cause No.
82C01-1606-F5-3289

**Darden, Senior Judge**

## Statement of the Case

[1]     Jonathan Kent Roy appeals the trial court's denial of his Petition for Return of Property, in which he asked the court to order the State to return a handgun to his mother.  We reverse and remand.

# Issue

Roy raises one issue, which we restate as: whether the trial court erred in denying Roy's petition.

# Facts and Procedural History

On June 4, 2016, police officers were dispatched to investigate a reported break-in at a commercial building. One of the officers looked in a window and saw Roy sitting on an air mattress, tending to a cut on his leg. As the officer watched, Roy picked up and then hid a handgun. When another officer knocked on the door, Roy grabbed the gun and ran to another part of the building before returning to his original location. The officers entered the building and took Roy into custody. They found the handgun, a .357 magnum silver Colt Trooper Mark III revolver bearing serial number L6744, in a backpack. Later, an officer searched for information about the handgun in an online database, which indicated that a handgun bearing serial number L6744 had been reported stolen in Texas in 1991.

The State charged Roy with burglary, a Level 5 felony; theft of a firearm, a Level 6 felony; and carrying a handgun without a license, a Class A misdemeanor. Roy and the State executed a plea agreement, pursuant to which Roy pleaded guilty to criminal trespass, a Class A misdemeanor, and carrying a handgun without a license, a Class A misdemeanor. The court accepted the plea agreement and imposed a sentence of time served.

On September 15, 2016, Roy filed a Petition for Return of Property, requesting the court to order the return of the handgun to him or his designee. The court held an evidentiary hearing on December 15, 2016. During the hearing, Roy requested the court to order the return of the handgun to his mother, asserting she was the rightful owner and had loaned the handgun to him. He further claimed the handgun had originally belonged to his father since the 1980s, and his father had died approximately seven years earlier. The court concluded that Roy's mother was not the rightful owner and denied Roy's petition.[1] This appeal followed.

## Discussion and Decision

Roy argues the court's decision is unsupported by the evidence and should be reversed. A person seeking the return of property seized by the State during an investigation must prove by a preponderance of the evidence that he or she is the rightful owner of the property. *Tracy v. State*, 655 N.E.2d 1232, 1236 (Ind. Ct. App. 1995), *trans. denied*. Upon review of the denial of a motion for return of property, we will affirm unless the decision is clearly erroneous and cannot be sustained on any legal theory supported by the evidence. *Barany v. State*, 54 N.E.3d 386, 387 (Ind. Ct. App. 2016), *trans. denied, cert. denied*. Statutes that relate to search and seizure must be strictly construed in favor of the

---

[1] We thank the trial court for its detailed findings, which aided our review.

constitutional right of the people. *Williams v. State*, 952 N.E.2d 317, 319 (Ind. Ct. App. 2011) (quotation omitted).

[7] The parties agree that this case is governed by Indiana Code section 35-47-3-2 (2014). That statute provides, in relevant part:

> (b) Firearms shall be returned to the rightful owner at once following final disposition of the cause if a return has not already occurred under the terms of IC 35-33-5. If the rightful ownership is not known the law enforcement agency holding the firearm shall make a reasonable attempt to ascertain the rightful ownership and cause the return of the firearm. However, nothing in this chapter shall be construed as requiring the return of firearms to rightful owners who have been convicted for the misuse of firearms. In such cases, the court may provide for the return of the firearm in question or order that the firearm be at once delivered:
>
> (1) except as provided in subdivision (2), to the sheriff's department of the county in which the offense occurred; or
>
> (2) to the city or town police force that confiscated the firearm.

*Id.* In addition, Indiana Code section 35-33-5-5 (2007) states as to property that has been seized by the police: "Property which may be lawfully possessed shall be returned to its rightful owner, if known."

[8] Roy argues the trial court erred in concluding his mother was not the lawful and rightful owner of the firearm. We agree. The State's evidence consisted of, and depended entirely upon, the equivocal testimony of Deputy Joshua Patterson, who presented evidence in support of an unsupported theory that the handgun the officers found on Roy had been reported stolen from Fort Bliss in El Paso, Texas in 1991. Deputy Patterson testified as follows:

> Q    Can you discuss the process of your investigation and findings?
>
> A    I was contacted by the Prosecutor's Office in reference to this case, at that time I attempted to, when the incident first occurred it appeared that the officer that was involved with the case, the EPD officer, attempted to contact the agency in which the firearm was stolen from which happened to be a military base down in Texas, I cannot think of the name of the military base off the top of my head. They advised they would get back to that officer, apparently, they never have. At that point I attempted to make contact with them on several occasions, have talked to a few people who were going to have an investigator call me back, but to no avail they, I've never received a call back from them.

Tr. Vol. I, pp. 16-17.

[9]    Roy presented Defendant's Exhibit 2, a printout from the Colt website showing the handgun that the police had found on Roy and another handgun had the same serial number. Deputy Patterson testified about that document and his investigation as follows:

> Q    I'm going to show you what's been marked as Defendant's exhibit 2 and ask you if you've seen something similar to that or if you actually have seen that very document on the Colt website?
>
> A    Yes, I have seen this.
>
> Q    Okay, and does that indicate that there are two different specific firearms that contain the same serial number?
>
> A    It does show that, it appears there are two firearms that are associated with that serial number.
>
> Q    Okay, and you have made efforts to determine whether or not this Colt Trooper .357 with that serial number was stolen, is that right?

A     I have attempted to make that.

Q     Have you been successful in making a determination whether or not that firearm was in fact stolen?

A     I have been unable to contact the agency that put out that specific firearm, that hit request, as being stolen.

Q     Okay, and NCIC reports are somewhat related to the accuracy with the data that is entered, are they not?

A     That is correct.

Q.    So if the data is entered erroneously for example, then it's only as good as the agency that put it in?

A     That is correct.

Q     So it's theoretically possible that the agency that put in a stolen Colt .357 could have mistakenly entered the serial number?

A     That is correct.

Q     Okay, and there's no way for us to determine that without getting some confirmation from that agency?

A     That is correct.

*Id.* at 14-15.

[10]    Deputy Patterson acknowledged that he did not have any hard evidence to support the allegation that the particular handgun in question was stolen. Although making diligent efforts to follow up in his investigation regarding the details of the reported 1991 theft of a handgun, he was unsuccessful. The evidence shows that after he made several contacts and spoke with personnel therein, no one at the Texas agency he contacted ever returned his calls with follow-up details regarding the reported stolen handgun. In addition, the State neither presented a photocopy of the 1991 reported stolen handgun nor introduced into evidence a copy of the stolen handgun report. Furthermore, the

State did not present any evidence depicting any facts and/or circumstances surrounding the theft of a handgun as related to in the report.

[11] Deputy Patterson, a long-time investigator, further testified that the reliability of a report depends heavily upon the accuracy of the details and numbers as noted in the report. He testified that based upon his experience, he has encountered situations wherein details or numbers have been transposed or otherwise inaccurately entered into a report, including reports entered on the national database he consulted in this case. *Id.* at 22-23.

[12] By contrast, Roy's mother identified and testified unequivocally that Roy's father had owned the handgun in question before their marriage in 1985. Further, police records show that law enforcement, pursuant to a search warrant, temporarily confiscated the handgun from Roy's father in 2000 and later returned it to him in 2001. There is no indication that law enforcement checked at that time to see if the handgun was reported stolen, although Deputy Patterson testified it was his practice to check the status of all firearms he encounters in criminal investigations.

[13] Roy's brother Clint identified and testified unequivocally that their mother had loaned the Colt handgun to Roy for his protection. Clint also authenticated a photograph of the handgun he had taken in the year 2015.

[14] We are mindful of our standard of review. Even so, based on the evidence presented, the uncorroborated and possible erroneous report cannot sustain the court's judgment. The trial court's decision is clearly erroneous because Roy

established by a preponderance of the evidence that his mother was the lawful and rightful owner of the handgun. *See Williams*, 952 N.E.2d at 320 (reversing denial of motion for petition to return handgun; undisputed evidence established defendant's attorney had valid ownership interest in handgun).

## Conclusion

[15] For the reasons stated above, we reverse the judgment of the trial court and remand for further proceedings consistent with this decision.

[16] Reversed and remanded.

Bailey, J., and Robb, J., concur.