

FILED

Nov 13 2018, 7:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rory Gallagher
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marques D. Trice,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 13, 2018<br><br>Court of Appeals Case No.<br>18A-CR-697<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Linda E. Brown, Judge<br><br>Trial Court Cause No.<br>49G10-1710-CM-39478 |

**Barteau, Senior Judge.**

## Statement of the Case

Marques Trice appeals the trial court's order to destroy his handgun. We reverse and remand.

# Issue

Trice presents one issue for our review, which we restate as: whether the trial court erred by ordering the destruction of Trice's handgun.

# Facts and Procedural History

On March 14, 2017, Officer Matheis of the Indianapolis Metropolitan Police Department (IMPD) conducted a traffic stop of the vehicle driven by Trice due to the vehicle's lack of illumination for the license plate. When Officer Matheis approached the vehicle, he asked Trice if there were any guns, knives, or other weapons in the vehicle. Trice responded that he had a handgun in the center console. The officer instructed Trice to leave his handgun where it was and returned to his car with Trice's license and registration to check his driving record through the state database, which includes a firearm permit check. The database indicated that Trice's firearm permit had expired. Officer Matheis confirmed this information with IMPD and then had Trice exit the car. The officer read Trice his *Miranda* rights and asked him whether he knew his permit was expired, whether he had his permit with him, and whether the gun was loaded. Trice responded affirmatively to the questions and showed his permit to Officer Matheis; Trice's permit had expired in 2015. The officer took

possession of the handgun, and Trice was charged with carrying a handgun without being licensed as a Class A misdemeanor.[1]

[4] Following a bench trial, Trice was convicted as charged. The trial court sentenced him to 365 days in jail with credit for six days and 359 days suspended. As part of its sentencing order, the court ordered the destruction of the handgun. Trice now appeals that order.

# Discussion and Decision

[5] Trice contends the trial court erred by ordering the destruction of his handgun. As an initial matter, the State argues that Trice has waived this issue by failing to object when the trial court ordered the destruction of his handgun at sentencing. We disagree.

[6] Trice's bench trial was held on March 6, 2018, immediately followed by sentencing. Just prior to the trial court issuing Trice's sentence, the State said:

> [N]oting his lack of criminal history prior to this case, the State would ask that he be placed on reporting probation for a year, pay the Two Hundred Dollar ($200.00) statutorily mandatory uh, mandated Safe School fee, and that the handgun be destroyed.

Tr. p. 37. Following defense counsel's statement, the court sentenced Trice:

> Court's going to sentence the defendant to three hundred and sixty-five (365) days in jail, with three hundred and fifty-nine

---

[1] Ind. Code § 35-47-2-1 (2014).

(359) days suspended; six (6) days credit, that's three (3) actual days plus three (3) credit days, zero (0) days remaining to be served. Uh, the Court will impose court costs of One Hundred and Eighty-Five Dollars ($185.00), safe school fee of Two Hundred Dollars ($200.00), and a fine of Fifteen Dollars ($15.00). Uh, court will order the destruction of the firearm, and I will not place the defendant on probation or no community service work based on his lack of criminal history. Uh, sir you have the right to appeal this decision.

*Id.* at 41. Trice did not object.

[7]     In *Bell v. State*, 59 N.E.3d 959 (Ind. 2016), our Supreme Court considered a similar issue when Bell was sentenced and ordered to pay restitution. She did not object at the time the order was entered. On appeal, the Court stated:

> [W]e note as a threshold matter that Bell has not waived her ability to challenge the restitution order due to her failure to object to the order at the time it was entered. An order of restitution is as much a part of a criminal sentence as a fine or other penalty. This Court and the Court of Appeals review many claims of sentencing error (improper consideration of an aggravating circumstance, failure to consider a proper mitigating circumstance, inaccurate weighing of aggravating and mitigating circumstances, etc.) without insisting that the claim first be presented to the trial judge. Although there have been cases in which appeals on restitution were waived due to the failure to make an objection at trial, the vast weight of the recent case law in this state indicates that appellate courts will review a trial court's restitution order even when the defendant did not object based on the rationale that a restitution order is part of the sentence, and it is the duty of the appellate courts to bring illegal sentences into compliance.

*Id.* at 962 (internal quotations and citations omitted).

[8] We find the order to destroy Trice's handgun to be similar to the order of Bell's restitution. It is a penalty as part of a criminal sentence. And because the trial court ordered the destruction of the gun as part of Trice's sentence, we will treat this issue like any other claim that a trial court has violated its statutory authority in imposing a sentence and allow him to raise it for the first time on appeal. *See Rodgers v. State*, 40 N.E.3d 969, 970 n.5 (Ind. Ct. App. 2015) (although Rodgers did not object, "'appellate courts will review a trial court's restitution [order] even where the defendant did not object based on the rationale that a restitution order is part of the sentence, and it is the duty of the appellate court to bring illegal sentences into compliance.'" (quoting *Rich v. State*, 890 N.E.2d 44, 48 (Ind. Ct. App. 2008), *trans. denied*); *see also Edsall v. State*, 983 N.E.2d 200, 208 (Ind. Ct. App. 2013) (although State mentioned restitution several times, specific amount was discussed at length, and defendant failed to object to its imposition, claim that trial court violated its statutory authority in imposing sentence could be raised for first time on appeal because restitution order was part of defendant's sentence). Moreover, practicality dictates allowing Trice to raise the issue on appeal because a sentencing order is usually a final judgment to which the defendant does not have a prior opportunity to object. Accordingly, we address Trice's argument on the merits.

[9] Although Trice did not file a motion for the return of his handgun, the court's order of destruction, in substance, operates to deny the return of Trice's

property. Thus, we apply the standard of review used when a trial court has denied a party's motion for the return of property. When we review the denial of a motion for return of property, we will affirm unless the decision is clearly erroneous and cannot be sustained on any legal theory supported by the evidence. *Roy v. State*, 81 N.E.3d 641, 643 (Ind. Ct. App. 2017). Once its need for the property has terminated, the court has both the jurisdiction and the duty to return seized property. *Barany v. State*, 54 N.E.3d 386, 387 (Ind. Ct. App. 2016), *trans. denied*.

[10] Both parties agree this controversy revolves around Indiana Code section 35-47-3-2 (2014), which sets forth the procedures for the return of firearms to rightful owners and the disposal of confiscated firearms. At the time of Trice's offense, this statute provided, in relevant part:

> (b) Firearms shall be returned to the rightful owner at once following final disposition of the cause if a return has not already occurred under the terms of IC 35-33-5. If the rightful ownership is not known the law enforcement agency holding the firearm shall make a reasonable attempt to ascertain the rightful ownership and cause the return of the firearm. *However, nothing in this chapter shall be construed as requiring the return of firearms to rightful owners who have been convicted for the misuse of firearms.* In such cases, the court may provide for the return of the firearm in question or order that the firearm be at once delivered:
>
> > (1) except as provided in subdivision (2), to the sheriff's department of the county in which the offense occurred; or
> >
> > (2) to the city or town police force that confiscated the firearm.

(Emphasis added).

[11] The thrust of Trice's argument is that carrying a handgun without being licensed does not amount to "misuse" of a firearm. However, the phrase "misuse of a firearm" has not been legislatively defined in Indiana for purposes of Indiana Code section 35-47-3-2(b). The question before us then is what constitutes "misuse" of a firearm.

[12] The interpretation of a statute is a question of law that we review de novo. *Montgomery v. State*, 878 N.E.2d 262, 266 (Ind. Ct. App. 2007). The primary purpose of statutory interpretation is to determine and give effect to the intent of the legislature. *Adams v. State*, 960 N.E.2d 793, 798 (Ind. 2012). The best evidence of legislative intent is the language of the statute itself. *Chambliss v. State*, 746 N.E.2d 73, 77 (Ind. 2001). If the language of the statute is clear and unambiguous, we must apply its plain and ordinary meaning without resort to any other rules of statutory construction. *Adams*, 960 N.E.2d at 798.

[13] When a statute is susceptible to more than one reasonable interpretation, it is ambiguous, and we resort to the rules of statutory construction in order to give effect to the legislature's intent. *Id.* Undefined words in a statute are to be given their plain, ordinary and usual meaning. *State v. Hancock*, 65 N.E.3d 585, 587 (Ind. 2016) (citing Ind. Code § 1-1-4-1(1) (1991)). In determining the plain and ordinary meaning of a statutory term, courts may consult English language dictionaries. *Hancock*, 65 N.E.3d at 587. Further, criminal statutes must be construed strictly against the State with ambiguities resolved in favor of the

defendant. *Chastain v. State*, 58 N.E.3d 235, 238 (Ind. Ct. App. 2016), *trans. denied*. They should not be enlarged by construction beyond their fair meaning; yet, they should not be so narrowly construed as to exclude cases they fairly encompass. *Id.*

[14] With respect to precedent, we observe that a panel of this Court, noting that the Legislature has not defined "misuse of a firearm" as used in the statute at issue here, concluded that the use of a firearm to murder a person is misuse of the firearm. *See Barany*, 54 N.E.3d at 387 n.4. Additionally, *Barany* provides a list of what is *not* misuse of a firearm. *See id.* (noting that "lawful purposes" of a firearm include "hunting, self-defense, collecting, and competitive or recreational shooting" (quoting *Smith & Wesson Corp. v. City of Gary*, 875 N.E.2d 422, 427 (Ind. Ct. App. 2007), *trans. denied*)). Nevertheless, neither murder nor any of the lawful purposes identified in *Barany* are involved in this case.

[15] Accordingly, we begin with the dictionary definition of "misuse." Merriam-Webster defines the noun "misuse" as "incorrect or improper use." https://www.merriam-webster.com/dictionary/misuse (last visited November 2, 2018). Another and similar definition is "The wrong or improper use of something." https://en.oxforddictionaries.com/definition/misuse (last visited November 2, 2018). Additionally, the term is defined as "an occasion when something is used in an unsuitable way or in a way that was not intended" and "the act of using something wrongly or in a dishonest way." https://dictionary.cambridge.org/us/dictionary/english/misuse (last visited November 2, 2018).

[16] We observe that Trice was convicted of carrying a handgun—that is, Trice possessed a handgun—without a license. *See Armstrong v. State*, 742 N.E.2d 972, 978 (Ind. Ct. App. 2001) ("The offense of carrying a handgun without a license requires mere possession of the handgun."). The evidence shows that Trice's handgun was in the console of his vehicle, and the officer became aware of its existence when Trice answered affirmatively and honestly the officer's inquiry as to whether Trice had any weapons in the vehicle. However, although Trice possessed the handgun, he did not use the handgun. *See Nicoson v. State*, 938 N.E.2d 660, 665 (Ind. 2010) (declaring that, where statute requires "use" of firearm in commission of underlying offense, mere possession of firearm is not enough and asserting reasonable inference that "the General Assembly was recognizing the additional escalation of danger associated with the actual use of a firearm versus the mere possession of one during the commission of an offense" and citing *Mickens v. State*, 742 N.E.2d 927 (Ind. 2001) (recognizing difference between possessing firearm and using firearm)); *see also Daniels v. State*, 957 N.E.2d 1025, 1030 (Ind. Ct. App. 2011) (acknowledging that no Indiana cases have addressed meaning of "use" of weapon but noting acceptance that definition includes "brandishing, displaying, bartering, striking with," and "firing or attempting to fire, a firearm" in statutes prohibiting "use" of firearm in commission of offense).

[17] Therefore, the definitions of the term "misuse" can best be applied here to mean that a conviction for the *misuse* of a firearm must involve some *use* of the firearm that is incorrect, improper, or unsuitable. Trice did not use the handgun;

rather, he was merely in possession of it. Thus, it defies logic and relevant precedent to say that he misused the handgun.

# Conclusion

For the foregoing reasons, we conclude Trice's conviction of carrying a handgun without a license does not amount to a conviction of misuse of a firearm. Consequently, the trial court erred by ordering the destruction of Trice's handgun.

Reversed and remanded.

Robb, J., concurs.

Crone, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

Marques D. Trice,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

Court of Appeals Case No.
18A-CR-697

**Crone, Judge, dissents with opinion.**

[20] Based on the dictionary definitions of "misuse" and the wording and purpose of Indiana Code Section 35-47-3-2, I respectfully disagree with the majority's determination that it "defies logic and relevant precedent" to say that Trice misused his handgun when he carried it in his car without a license. Slip op. at 10. Just as driving a motor vehicle without a license is misuse of the vehicle, i.e., the unlawful, incorrect, dishonest, and unintended use of the object, so in my opinion is carrying a handgun without a license an unlawful, incorrect, and prohibited use of the gun. Moreover, unlike the statutes at issue in *Nicoson* and *Daniels*, Section 35-47-3-2 does not require the "use" of a handgun in the commission of an offense; it simply requires a "convict[ion] for the misuse of

firearms."[2] Carrying a handgun without a license is misusing a firearm, and thus a conviction for that offense is a conviction for the misuse of firearms. One of the purposes of Section 35-47-3-2 is to punish those convicted of misusing firearms by authorizing the destruction of their firearms, and I would affirm the trial court's destruction order in this case.

---

[2] And unlike the *Mickens* court, we are not confronted with a double jeopardy issue here.