

I N T H E

# Court of Appeals of Indiana

**Deshaun Lamont Tharpe,**

*Appellant-Defendant*



FILED

Feb 27 2025, 10:05 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

**State of Indiana,**

*Appellee-Plaintiff*

February 27, 2025

Court of Appeals Case No.
24A-CR-2303

Appeal from the Marion Superior Court

The Honorable Marc T. Rothenberg, Judge
Steven J. Rubick, Magistrate

Trial Court Cause No.
49D19-2405-CM-13557

**Opinion by Judge Bradford**
Judges Pyle and Kenworthy concur.


**Bradford, Judge.**

## Case Summary

After Deshaun Tharpe pled guilty to Class A misdemeanor unlawful carrying a handgun, the trial court ordered that the two handguns that had been seized at the time of Tharpe's arrest be destroyed. Tharpe challenges the trial court's order regarding the destruction of the handguns. For its part, the State indicates that the trial court appears to have departed from the scope of authority granted to it by Indiana Code section 35-47-3-2 in ordering destruction of the handguns. Because we disagree, we affirm.

## Facts and Procedural History

On May 14, 2024, the State charged Tharpe with Class A misdemeanor unlawful carrying of a handgun, alleging that Tharpe, "being a person under indictment did knowingly or intentionally" unlawfully carry a handgun on May 13, 2024. Appellant's App. Vol. II p. 16. On September 6, 2024, the parties entered into a plea agreement, pursuant to which Tharpe agreed to plead guilty and the parties agreed that "[w]hether all guns seized in arrest are to be destroyed, is open to argument to the Court at [the] change of plea hearing." Appellant's App. Vol. II p. 48.

[3] The trial court held a guilty plea hearing on September 9, 2024. At the conclusion of this hearing, the trial court accepted Tharpe's guilty plea and sentenced him to 360 days with credit for time served and the remainder suspended. The State petitioned the trial court to destroy two handguns that had been seized at the time of Tharpe's arrest. After considering the parties' arguments relating to the destruction of the handguns, the trial court ordered that the handguns be destroyed. The trial court further ordered that three other firearms be released to Tharpe's mother, with instructions that she was "not to release those weapons to [Tharpe] during the pendency of his sentence." Tr. Vol. II p. 11.

## Discussion and Decision

[4] When a trial court orders the destruction of a firearm as a part of a criminal sentence, "we will treat this issue like any other claim that a trial court has violated its statutory authority in imposing a sentence." *Trice v. State*, 114 N.E.3d 496, 499 (Ind. Ct. App. 2018), *trans. denied*. We will affirm "unless the decision is clearly erroneous and cannot be sustained on any legal theory supported by the evidence." *Id.*

[5] Tharpe contends that the trial court erred in ordering the destruction of his handguns. In support, Tharpe cites to this court's decisions in *Trice* and *Cleveland v. State*, 129 N.E.3d 227 (Ind. Ct. App. 2019), *trans. denied*, in both of which panels of this court concluded the trial court had erred in ordering the destruction of a firearm. While the State reluctantly acknowledges that *Trice*

and *Cleveland* would seem to suggest that the trial court's destruction order was improper based on the record before us, we note a split of opinion exists as to what it means to "misuse" a firearm. Because we apply a broader definition than applied in *Trice* and *Cleveland*, as was discussed in the dissent in each case, we find the reasoning of *Trice* and *Cleveland* to be unpersuasive.

[6] Tharpe was convicted of unlawfully carrying a handgun pursuant to Indiana Code section 35-47-2-1.5(b), which provides that a person who is under indictment may not knowingly or intentionally carry a handgun. Generally speaking, "[f]irearms shall be returned to the rightful owner at once following final disposition of the cause[.]" Ind. Code § 35-47-3-2(b). "However, nothing in this chapter shall be construed as requiring the return of firearms to rightful owners who have been convicted for the misuse of firearms." Ind. Code § 35-47-3-2(b). Indiana Code section 35-47-3-2(c) authorizes the seizure and disposal of firearms by the authorities when "the rightful owner has been convicted of an offense related to the misuse of a firearm[.]" We have little hesitation concluding that knowingly carrying a handgun while under indictment qualifies as misuse of a firearm.

[7] The verb "to use" may be defined as "to put into action or service [or] *have recourse to or enjoyment of*[,]" while the noun "misuse" may be defined as "wrong or improper use[.]" WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1447, 2523 (Phillip Babcock Gove et al. eds., G. & C. Merriam Company 1964) (emphasis added). It seems reasonable to infer that a person carrying a handgun is ensuring that he will have recourse to it should the need arise and

may enjoy the sense of security its possession provides, even if it is not further employed. In other words, he is "using" the handgun by carrying it with him. This use becomes misuse, however, when the person is not legally entitled to carry that handgun. Given that Tharpe has admitted that he was unlawfully carrying the handguns in question at the time of his arrest, we conclude that the record is sufficient to prove that he was misusing said handguns.

[8] The judgment of the trial court is affirmed.

Pyle, J., and Kenworthy, J., concur.

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana